**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2006
Decided December 8, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1920

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> JAMES I. MONTROY, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin <br><br> No. 05-CR-177-S-01 <br><br> John C. Shabaz, <br> *Judge.* |

**O R D E R**

James Montroy pleaded guilty to interstate transportation of stolen securities in violation of 18 U.S.C. § 2314, and the district court sentenced him to 13 months to run consecutive to his undischarged state terms of imprisonment. The court also sentenced him to three years of supervised release and ordered him to pay $26,491 in restitution. Montroy filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Montroy has responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. Thus we limit our review to those potential

issues identified in counsel's brief and Montroy's Rule 51(b) response. *See United States v. Schuh*, 289 F.3d 968, 974 (7th Cir. 2002).

Montroy broke into his father-in-law's insurance agency in Wisconsin and stole several blank business checks that he forged and deposited into his bank account in Michigan. He was convicted of burglary in Wisconsin and sentenced to six years in prison. While serving time on the burglary offense (and on another state conviction for possession with intent to deliver cocaine), he was charged in federal court in Wisconsin with transporting the stolen checks, totaling $20,636, from state to state. *See* 18 U.S.C. § 2314. Montroy was handed over to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. He pleaded guilty to the § 2314 charge, and further stipulated in his plea agreement that he also defrauded at least 21 people of $500 apiece in an internet scam. The district court calculated a guidelines imprisonment range of 30 to 37 months based on a total offense level of 12 and a criminal history category of VI. The court then considered the factors enumerated in 18 U.S.C. § 3553(a), and concluded that a sentence at the top of the guidelines range was reasonable, particularly in light of Montroy's long and serious criminal history. However, the court reduced both ends of the imprisonment range by 24 months, explaining that it was accounting for the time Montroy had served on his state burglary conviction before he was taken into federal custody. The court, citing U.S.S.G. § 5G1.3, reasoned that such a reduction was required because the checks Montroy stole during the burglary were the same checks he transported in interstate commerce. The court then imposed a term of 13 months to run consecutively to Montroy's undischarged state terms of imprisonment. After sentencing, Montroy was returned to Wisconsin custody to serve the remainder of his state sentences.

Counsel initially notes that Montroy does not wish to withdraw his guilty plea, so counsel appropriately avoids any discussion about the voluntariness of the plea or the adequacy of the colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Counsel considers only one potential argument, which is also the principal subject of Montroy's Rule 51(b) response: whether Montroy is entitled to credit against his federal sentence for the 76 days he spent in federal custody awaiting trial even though Wisconsin credited that time against his state sentences. Such a claim would be frivolous because we would lack jurisdiction to review it. The Bureau of Prisons, and not the district court, has exclusive authority to compute credit under 18 U.S.C. § 3585(b), *see United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000); *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995), and Montroy has not exhausted his administrative remedies by first seeking administrative review of the computation of his credits*, see United States v. Wilson*, 503 U.S. 329, 335 (1992); *McGee*, 60 F.3d at 1272.

Montroy additionally argues that the court misapplied § 5G1.3 when it failed to reduce his guidelines imprisonment range by the additional 76 days. But any such argument would be frivolous because § 5G1.3 did not require the court to credit *any* time Montroy served for the burglary offense. Subsection (b) of that guideline requires that a new sentence run concurrent to an undischarged sentence only if the undischarged term is "fully taken into account" in calculating the guidelines range; otherwise, sentencing courts have discretion under subsection (c) to impose concurrent, partially concurrent, or consecutive sentences. *See* U.S.S.G. § 5G1.3(b),(c); *United States v. Johnson,* 324 F.3d 875, 878-79 (7th Cir. 2003); *Ross*, 219 F.3d at 594. Montroy's state burglary conviction was not taken into account in calculating his guidelines imprisonment range—it was not considered relevant conduct in determining his offense level, nor was it counted towards his criminal history score—so the district court was free to exercise its discretion in fashioning Montroy's sentence. *Cf., United States v. Gabel*, 85 F.3d 1217, 1223 (7th Cir. 1996) (prior burglaries not relevant conduct to money laundering or illegal structuring offenses); U.S.S.G. § 3D1.2(d) & cmt. 6 (burglary cannot be grouped with other property crimes). The 24-month reduction that Montroy received was a boon, and he cannot complain that the district court did not confer an even greater benefit.

For the above reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.