In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2690

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RONALD L. JOHNSON, also known as
JOSHUA MCGHEE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 10-CR-121—**Rudolph T. Randa**, *Judge.*

ARGUED JANUARY 9, 2012—DECIDED FEBRUARY 9, 2012

Before FLAUM and KANNE, *Circuit Judges*, and CHANG, *District Judge.*[*]

KANNE, *Circuit Judge.*  Ronald L. Johnson was arrested on the morning of January 29, 2009, while officers executed a search warrant at the apartment he shared

[*] The Honorable Edmond E. Chang, United States District Court for the Northern District of Illinois, sitting by designation.

with his fiancée. Relying upon items found within the apartment and Johnson's statements to police officers, a federal grand jury charged Johnson with possession of cocaine base with intent to distribute, possession of MDMA (Ecstasy) with intent to distribute, and possession of a firearm by a convicted felon. His case was docketed as 09-CR-83 and assigned to the Honorable J.P. Stadtmueller. Johnson filed a motion to suppress his statements and the evidence obtained from his apartment based on an alleged *Miranda* violation. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Following an evidentiary hearing, the magistrate judge recommended that the motion be denied. After Johnson filed his motion to suppress but before the magistrate judge made his recommendation, Judge Stadtmueller recused himself and the case was reassigned to the Honorable Rudolph T. Randa. Judge Randa adopted the magistrate judge's recommendation denying the motion to suppress. On May 27, 2010, Johnson moved for dismissal of his case, arguing that his trial had not been conducted within the time requirements of the Speedy Trial Act, 18 U.S.C. § 3162(a)(2). Judge Randa agreed and dismissed the case without prejudice on June 10, 2010.

On June 22, 2010, a federal grand jury returned another three-count indictment against Johnson based upon the same circumstances as Johnson's first case. This second case, docketed as 10-CR-121, was again assigned to Judge Stadtmueller, who presided over the trial but recused himself prior to sentencing. Although a new motions deadline was set, Johnson did not file a suppression motion based on the alleged *Miranda* violation. Following

a two-day jury trial, Johnson was convicted of posses-
sion with intent to distribute 50 grams or more of crack
cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A),
and possession of a firearm by a convicted felon in viola-
tion of 18 U.S.C. § 922(g)(1).[1] At trial, the government
sought and obtained an aiding and abetting jury instruc-
tion based upon Johnson's testimony that a man named
"Simon" lived in the apartment and sold crack cocaine
from that address.

On July 21, 2011, Judge Randa sentenced Johnson to
300 months' imprisonment. In calculating his sentence,
Judge Randa applied an obstruction of justice enhance-
ment pursuant to § 3C1.1 of the Sentencing Guidelines
and determined that Johnson was a "career offender"
based on his prior convictions.

On appeal, Johnson challenges several aspects of his
conviction and sentence, including (1) the denial of his
motion to suppress in the first case, 09-CR-83; (2) Judge
Stadtmueller's failure to recuse himself *sua sponte* in
the second case, 10-CR-121; (3) the aiding and abetting
instruction given at trial; (4) application of the obstruc-
tion of justice enhancement; and (5) the finding that
Johnson is a career offender.

First, Johnson argues that the district court should
have granted his motion to suppress in 09-CR-83.
Although case number 09-CR-83 is not before us on
appeal, Johnson asserts that it is proper for us to con-

---

[1] Count Two, possession with intent to distribute MDMA,
was dismissed prior to trial.

sider the denial of his *Miranda* argument because the two cases are essentially one and the same. We disagree with Johnson's interpretation. Although the first and second cases concern the same offenses, there are two separate indictments and case numbers. Further, the second case did not proceed as a continuation of the first. Instead, Johnson had a new arraignment hearing and new pretrial motion deadlines were set. Thus, we hold that 09-CR-83 and 10-CR-121 represent two distinguishable cases, not one.

Despite the existence of two distinct cases, we are not necessarily barred from considering Johnson's *Miranda* argument. Because Johnson's first case was dismissed without prejudice, he did not have an opportunity to appeal the district court's ruling on his motion to suppress. It is clear from the record, however, that he could have raised the issue in his second case but failed to do so. The government asserts that because Johnson failed to file a second motion to suppress in 10-CR-121, his *Miranda* argument is waived. Waiver involves the intentional abandonment of a known right, *United States v. Anderson*, 604 F.3d 997, 1001 (7th Cir. 2010), and precludes all appellate review on that issue, *United States v. Turner*, 651 F.3d 743, 747 (7th Cir.), *cert. denied*, 132 S. Ct. 863 (2011). In contrast, if Johnson's argument was merely forfeited in the second case, we may consider the previously raised suppression issue under plain error review. "Forfeiture takes place when counsel or a defendant negligently bypasses a valid argument." *Anderson*, 604 F.3d at 1001. We assume forfeiture where the gov-

ernment fails to proffer a strategic justification for a defendant's decision to bypass an argument. *Id.* at 1001-02.

The government argues that Johnson intentionally abandoned his right to renew his *Miranda* argument in order to pursue a motion to suppress based on an alleged *Franks* violation. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (permitting a defendant to challenge the constitutionality of a search if he can show intentional or reckless misrepresentations in the warrant affidavit). Although we acknowledge that Johnson raised a *Franks* argument in the second case, we see no strategic basis for choosing to forego a *Miranda* argument in order to assert a *Franks* violation. A defendant is not forced to choose between asserting one or the other. In addition, although Johnson's *Miranda* argument was unsuccessful in the first case, there is no strategic justification for failing to raise the issue in the second case in order to preserve it for appeal. Accordingly, we find that Johnson merely forfeited his *Miranda* argument, and we may review for plain error.

The government also asserts that Johnson's argument is waived under Federal Rule of Criminal Procedure 12(e). Under that rule, a party waives any motion to suppress evidence not raised by the court's motion deadline. But the rule also provides that "[f]or good cause, the court may grant relief from the waiver." Fed. R. Crim. P. 12(e). Here, although Johnson did not file a new motion to suppress prior to the deadline set by the district court, we find there was good cause for his failure to do so. In the first case, Johnson received a full evidentiary

hearing on his motion to suppress, which ultimately was denied. It was reasonable for Johnson to believe that this denial was the law of the case and Judge Stadtmueller would not consider an identical suppression motion in the second case, which involved the same charges, facts, and attorneys. *See United States v. O'Neill*, 52 F. Supp. 2d 954, 965-66 (E.D. Wis. 1999) (following the issuance of a superseding indictment, Judge Stadtmueller held that the doctrine of the law of the case prevented a defendant from relitigating a motion to suppress); *accord Smith v. United States*, 406 A.2d 1262, 1263-64 (D.C. 1979) (under law of the case doctrine, the trial court's ruling on a pretrial motion to suppress survived a subsequent dismissal and applied to a later proceeding involving identical parties, facts, and charges). Because Johnson had good cause for not raising the issue, his argument is not waived under Rule 12(e).

For us to review the denial of Johnson's motion to suppress, the record must be supplemented. After filing his appeal, Johnson moved to modify the appellate record to include the filings from 09-CR-83 so that he could pursue his *Miranda* argument. The motions panel denied Johnson's motion on October 17, 2011. Upon further consideration of the merits of Johnson's case, we have determined that this ruling was in error and Johnson's motion to modify the appellate record should have been granted.

Accordingly, Johnson's motion to expand the record on appeal is now GRANTED and the parties are ordered to file supplemental briefs addressing the denial of John-

son's motion to suppress. The government shall file its supplemental brief within twenty-one (21) days of the filing of this opinion. Johnson's response is due fourteen (14) days thereafter. We will consider Johnson's remaining arguments, if necessary, in our subsequent opinion addressing the denial of Johnson's motion to suppress.