NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 24, 2012
Decided November 6, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3912

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:08-cr-00459-1 |
| SALVADOR LEMUS-RODRIGUEZ, | |
| *Defendant-Appellant.* | John W. Darrah, |
| | *Judge.* |

**O R D E R**

Salvador Lemus-Rodriguez, a Mexican citizen, was convicted of illegal reentry into the United States in violation of 8 U.S.C. § 1326(a). After a successful appeal of his sentence, the district court resentenced Lemus-Rodriguez to thirty months in prison, half of it to be served

concurrently with an unrelated state-court sentence. Lemus-Rodriguez has appealed again, contending that the district court erred in failing to give him credit for the time he spent in federal custody prior to his sentencing. Because Lemus-Rodriguez was receiving credit on a state-court sentence for that time, we affirm.

Immigration officials caught up with Lemus-Rodriguez in jail on January 18, 2008, following his arrest for sexually assaulting his fourteen-year-old stepdaughter. On May 12, 2008, Lemus-Rodriguez was convicted of criminal sexual assault and sentenced to sixteen years' imprisonment. At the time, Lemus-Rodriguez was in the United States unlawfully after two prior convictions for illegal reentry, 8 U.S.C. § 1326(a), and on June 4, 2008, he was charged, for the third time, with violating § 1326(a).

On June 18, 2008, the magistrate judge granted the Government's petition for a writ of habeas corpus *ad prosequendum*. The order granting the petition directed the warden at the Logan Correctional Center to produce Lemus-Rodriguez for his arraignment, and stated that Lemus-Rodriguez would be returned to the Logan Correctional Center once the proceedings in federal court had concluded, unless otherwise directed by the court.

A week later, on June 25, 2008, Lemus-Rodriguez was arraigned. He entered a plea of not guilty, and the magistrate judge issued an order remanding him into the custody of the U.S. Marshal. On December 3, 2008, Lemus-Rodriguez pleaded guilty to illegal reentry in violation of 18 U.S.C. § 1326(a). The district court sentenced him to a term of seventy months' imprisonment and three years of supervised release on June 11, 2009. Lemus-Rodriguez appealed, and we vacated the sentence and remanded the case for resentencing because the district court erred in applying a sixteen-level enhancement for Lemus-Rodriguez's prior firearm conviction.

The district court resentenced Lemus-Rodriguez on December 13, 2011. Prior to sentencing, Lemus-Rodriguez filed an objection to the Presentence Investigation Report. He argued that he had already served a total of 102.5 months in federal custody,[1] and asked the district court to sentence him to time served because his prior federal sentence had been only seventy months.

---

[1] As the Government points out, this claim was obviously in error since Lemus-Rodriguez came into federal custody in June 2008 and was resentenced in December 2011, which is a span of at most forty-two months.

At the sentencing hearing, the district court expressed confusion regarding Lemus-Rodriguez's contention that he had served thirty-two months of incarceration over and above his federal sentence. Lemus-Rodriguez's attorney responded by withdrawing the statement. He said that he had not been aware that Lemus-Rodriguez had been in state custody during the duration of the federal proceedings and confirmed that Lemus-Rodriguez received credit on his state-court sentence for that time. He nevertheless argued that the district court should consider the conditions in which Lemus-Rodriguez was confined during the federal proceedings in sentencing him. After determining a guidelines imprisonment range of thirty to thirty-seven months and considering the factors set forth in 18 U.S.C. § 3553(a), the district court sentenced Lemus-Rodriguez to thirty months' imprisonment, with fifteen months to run concurrent to his state-court sentence.

On appeal, Lemus-Rodriguez argues that he should have received credit towards his federal sentence for the time he served during the federal proceedings. He maintains that he had been in "federal custody" during that time, and points to the magistrate judge's order remanding him to the custody of the U.S. Marshal in support. This argument fails for several reasons.

To start, as it is only a slightly modified version of the argument Lemus-Rodriguez abandoned at his sentencing hearing, the Government contends that he forfeited, if not waived, the argument. Lemus-Rodriguez's counsel maintains that he failed to raise this version of the argument before the district court because he was under the mistaken belief that Lemus-Rodriguez had not been remanded to federal custody. As "[w]aiver principles must be construed liberally in favor of the defendant," *United States v. Anderson*, 604 F.3d 997, 1002 (7th Cir. 2010) (citation omitted), and we "assume forfeiture where the government fails to proffer a strategic justification for a defendant's decision to bypass an argument," *United States v. Johnson*, 668 F.3d 540, 542 (7th Cir. 2012) (citation omitted), we will review for plain error. The district court did not err, however, and Lemus-Rodriguez's arguments to the contrary rest upon a faulty understanding of the writ of habeas corpus *ad prosequendum*.

The writ of habeas corpus *ad prosequendum* enables a jurisdiction "to take temporary custody of a prisoner confined within another jurisdiction and indict, prosecute, and sentence such prisoner." *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989). Where, as here, "the writ expressly requires the return of the prisoner to the 'sending' state, the sending state retains full jurisdiction over the prisoner since the prisoner is only 'on loan' to the prosecuting jurisdiction." *Id.* (citations omitted); *Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999) ("Because the receiving sovereign merely obtains limited jurisdiction over the 'borrowed' prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered

to be in the custody of the sending sovereign not the receiving sovereign."). Thus, because the sending state retains primary jurisdiction over the prisoner, "federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998) (citations omitted).

Here, Lemus-Rodriguez maintains that the district court erroneously determined that he was not in federal custody during the federal proceedings because the magistrate judge remanded him "to the custody of the U.S. Marshal" following his arraignment. This argument, however, ignores that Lemus-Rodriguez was in the physical custody of federal authorities pursuant to the *ad prosequendum* writ and was returned to the state following the federal proceedings. Moreover, the record lacks any indication that the state relinquished primary custody of him at any time. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) ("Primary jurisdiction continues until the first sovereign relinquishes its priority in some way."); *cf. United States v. Casas*, 425 F.3d 23, 66-67 (1st Cir. 2005) (noting that while a state that sends a prisoner in state custody to federal authorities pursuant to the a writ of habeas corpus *ad prosequendum* retains primary jurisdiction over the prisoner, in this case, the federal and state authorities reached an agreement allowing the United States to keep the defendant in federal prison). Thus, as Lemus-Rodriguez was in federal custody pursuant to the writ, the magistrate judges's order did not alter Lemus-Rodriguez's custody status; "[i]t merely changed the location of his custody for the sentence he was already serving." *Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir. 1992); *see also Short v. Revell*, 152 Fed. Appx. 542, 544-45 (7th Cir. 2005) ("[T]hough Short was physically in the hands of the marshals service during the ten months before his federal sentencing, he remained in the legal custody of Indiana during that period and received credit against his state sentence[.]" (citations omitted)). The district court therefore did not err in finding that although Lemus-Rodriguez was in the physical custody of the U.S. Marshal for a period of time, he remained in the legal custody (under the primary jurisdiction) of the state and received credit against his state-court sentence for that time. This proves fatal to Lemus-Rodriguez's argument that he was entitled to presentence credit on his federal sentence; as he concedes, 18 U.S.C. § 3585(b) prohibits him from receiving credit on his federal sentence for any period of time spent in presentence custody on his federal charge that has already been credited against another sentence. *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).

Finally, to the extent Lemus-Rodriguez's appeal serves as a challenge to the calculation of the credit he received on his federal sentence for the time he has spent in custody, it is also without merit. The Bureau of Prisons, not the district court, computes credit under 18 U.S.C. § 3585(b) after a sentence has been imposed, *United States v. Wilson*, 503 U.S. 329, 333-35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), and Lemus-Rodriguez has not exhausted his administrative

remedies under the Bureau's Administrative Remedy Program.  *See United States v. Monroy*, 207 Fed. Appx. 710, 712 (7th Cir. 2006) (noting that an argument on direct appeal that the defendant was entitled to credit against his federal sentence for the time he spent in federal custody awaiting trial even though he received credit against his state sentence would be frivolous).  Accordingly, we find no error in the district court's denial of Lemus-Rodriguez's request for credit on his federal sentence for the time he spent in presentence custody on the federal charge.

**AFFIRMED**.