NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 17, 2008
Decided July 18, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-4087

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 07-30030-001 |
| | |
| LELEN L. BONDS, | Jeanne E. Scott, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Lelen Bonds pleaded guilty to one count of distributing crack, see 21 U.S.C.
§ 841(a)(1), and was sentenced to 162 months' imprisonment, to be followed by six years'
supervised release. Bonds filed a notice of appeal, but his appointed counsel moves to
withdraw because she cannot discern a nonfrivolous basis for the appeal. See *Anders v.
California*, 386 U.S. 738, 744 (1967). Counsel's brief is adequate, and Bonds has responded
under Circuit Rule 51(b). We limit our review to the potential issues identified by counsel
and Bonds. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Law enforcement agents equipped an informant's car with a hidden video camera
without audio capability. In January 2007 the informant contacted Bonds, and they agreed

to meet outside Bonds's home.  The informant drove his car to Bonds's residence and, while still seated in the car, paid Bonds $150 in exchange for 1.1 grams of crack cocaine. Surveillance officers had observed Bonds approach the informant's car, and the video from the hidden camera showed Bonds conducting the transaction with the informant.

At Bonds's change of plea hearing, the government recited this factual account, and Bonds and his attorney confirmed that they had reviewed the videotape and recognized Bonds.  Bonds then agreed that he had committed the acts the government alleged, knowing that he was illegally selling drugs.  The court accepted Bonds's guilty plea and ordered a presentence investigation report.

At sentencing, the district court noted that this offense ordinarily would carry a base offense level of 16.  But Bonds qualified as a career offender because of his two prior convictions for controlled substance offenses, which triggered a base offense level of 34.  See U.S.S.G. § 4B1.1(a).  The court reduced that number by three levels for acceptance of responsibility.  Bonds's resulting offense level of 31, combined with his placement in criminal history category VI, see *id.* § 4B1.1(b), resulted in an advisory sentencing range of 188 to 235 months' imprisonment.  The government recommended a below-guidelines sentence of 169 months, on account of Bonds's extensive cooperation with authorities after his arrest.

The district court then questioned Bonds about an objection he had made to the presentence report.  Bonds had argued that one of his prior convictions was for possession of a controlled substance rather than possession with intent to deliver.  If this was true, then Bonds would not be classified as a career offender.  See U.S.S.G. § 4B1.2(b).  Bonds's attorney conceded, though, that after he had filed his objection, he obtained new information which convinced him that the objection had been in error.  Bonds himself then withdrew the objection.

Next, the court considered the factors described in 18 U.S.C. § 3553(a).  The court acknowledged the need to avoid unwarranted sentencing disparities among defendants who have committed similar acts, see *id*. § 3553(a)(6), and opined that the government's recommended sentence was appropriate to meet that goal, given that Bonds's last two drug offenses had involved relatively small quantities of drugs and that he had helped the government substantially.  The court told Bonds it was important for him to make positive changes in his life, in order to have a future career that doesn't involve drugs and to be a good example to his children.  The court also stated that it was considering several letters Bonds submitted from people in his life.  The court then subtracted an additional seven months from the term the government suggested and imposed a 162-month sentence.

Bonds does not want his guilty plea set aside, so counsel properly omits from her *Anders* submission any discussion of the voluntariness of the plea or the adequacy of the plea colloquy. See *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel instead examines whether Bonds could challenge his prison sentence. Counsel notes that the district court properly calculated the applicable guidelines range. See *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007). Any argument that Bonds's prior conviction was not a controlled substance offense is now waived because he withdrew his objection at sentencing. See *United States v. Cunningham*, 405 F.3d 497, 502 (7th Cir. 2005); *United States v. Sensmeier*, 361 F.3d 982, 986-87 (7th Cir. 2004); *United States v. Cooper*, 243 F.3d 411, 416 (7th Cir. 2001) (explaining that waiver occurs "where either a defendant or his attorney expressly declined to press a right or to make an objection").

Bonds contends that the district court's sentence is unreasonable because his offense involved only a small amount of crack cocaine. But we agree with counsel that any challenge to the reasonableness of Bonds's 162-month prison sentence, which was 26 months below the applicable guidelines' range, would be frivolous. We have, in fact, previously noted that it would be "hard to conceive of below-range sentences that would be unreasonably high." *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). In this case, moreover, the district court gave meaningful consideration to both the sentencing guidelines and the factors under § 3553(a). For instance, the court took into account the seriousness of the offense, Bonds's criminal history, the supportive letters written by Bonds's friends and family, and the need to avoid unwarranted sentencing disparities. Counsel cannot identify a convincing reason why Bonds's sentence is unreasonable, and thus we agree that it would be frivolous to pursue this challenge.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.