In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1465

JOHN M. WYATT,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 06 CV 00322—**David R. Herndon**, *Chief Judge.*

ARGUED APRIL 16, 2009—DECIDED JULY 28, 2009

Before EASTERBROOK, *Chief Judge*, and BAUER and MANION, *Circuit Judges.*

MANION, *Circuit Judge.* John Wyatt filed a § 2255 motion alleging that his attorney rendered ineffective assistance during various stages of his criminal case. The district court denied the motion, and Wyatt has appealed that decision. For the following reasons, we affirm.

I.

In 2002, police stopped a recreational vehicle driven by John Wyatt and discovered a large quantity of marijuana during a search of the vehicle. Wyatt was indicted for possessing marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). After the district court denied his motion to suppress the evidence seized during the traffic stop, Wyatt entered a conditional plea of guilty to the charged offense, reserving his right to appeal the denial of the suppression motion. The district court then sentenced Wyatt to 262 months' imprisonment based on his status as a career offender under the Guidelines. Wyatt appealed the denial of his suppression motion and his sentence to this court. We affirmed in an unpublished order. *United States v. Wyatt*, No. 04-3314, 2005 WL 1220479 (7th Cir. May 16, 2005).

Wyatt then filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in which he identified twenty-nine reasons his attorney, Nishay Sanan, rendered ineffective assistance during the plea, sentencing, and direct appeal phases of his case. The district court denied the motion, and Wyatt appeals.

II.

On appeal, Wyatt claims that the district court erred in denying his motion because he demonstrated three ways in which Sanan's counsel was ineffective. When the denial of a § 2255 motion is challenged on appeal, we review the district court's findings of fact for clear error

and its legal determinations de novo. *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008).

The Sixth Amendment to the Constitution accords criminal defendants the right to effective assistance of counsel. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). To succeed on a claim of ineffective assistance, a prisoner must prove (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88, 693 (1984). With respect to the performance prong, a movant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. He must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance; we then determine whether such acts or omissions fall outside the wide range of professionally competent assistance. *Coleman v. United States*, 318 F.3d 754, 758 (7th Cir. 2003). Regarding the prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Wyatt first alleges that Sanan was ineffective because he did not inform him of the consequences of entering a conditional plea—namely, that under then-existing Seventh Circuit case law,[1] Wyatt could be sentenced as

---

[1] Under *United States v. Bryant*, 310 F.3d 550, 554 (2002), which was the controlling case law in this circuit at the time of Wyatt's

(continued...)

a career offender based partly on his prior walkaway escape from a halfway house. Wyatt claims he would not have pleaded guilty had Sanan not assured him that he would not be subject to a career offender sentence.

Wyatt's allegations concerning Sanan's advice, if true, may suggest that Sanan's assistance was objectively unreasonable. But even assuming arguendo that Sanan's performance was deficient, Wyatt has failed to demonstrate prejudice because he has not shown that Sanan's advice was a decisive factor in his decision to enter a conditional plea instead of going to trial or entering an unconditional plea in hope of obtaining a lower sentence. *See Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007) (noting that in the plea agreement context, the prejudice prong focuses on whether counsel's deficient performance was a decisive factor in the defendant's decision to plead guilty rather than pursuing other options). First, this court has repeatedly emphasized that a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice. *Bethel v. United States*, 458 F.3d 711, 718 (7th Cir. 2006). Second, Wyatt

---

[1] (...continued)

sentencing, the crime of escape was categorically a crime of violence under the Guidelines. In light of the Supreme Court's opinion in *Begay v. United States*, 128 S. Ct. 1581 (2008), however, we recognized in *United States v. Templeton*, 543 F.3d 378, 383 (2008), that a walkaway escape from a nonsecure halfway house is not a crime of violence under the Guidelines.

stated in his petition to enter the conditional plea that his decision to plead was not tied to any particular sentence. Wyatt stated he understood that the district court could "impose the same punishment as if [he] had pleaded not guilty and had been convicted by a jury" and acknowledged that neither Sanan nor the government had represented that his guilty plea would result in a sentence lower than the one he could receive were he convicted by a jury. Third, Wyatt's statements during the plea colloquy clearly demonstrate that his decision to make the conditional plea was not predicated upon any specific sentence. The government informed the court that it would be seeking an enhancement based on Wyatt's prior convictions, which would increase the minimum penalty to ten years and the maximum to life. Wyatt indicated he understood that specific penalty range would be a consequence of a guilty plea. He also said he knew his Guidelines range could be more than the mandatory minimum of ten years and that the range recommended in the presentence report could vary from any estimate that Sanan might have made. In addition, Wyatt confirmed that, other than a pending indictment in Arizona that the government had agreed to dismiss upon his conditional plea (certainly a consequential benefit), no other promises had been made to him.[2]

---

[2] The court asked Wyatt: "Are there any other agreements out there . . . ? Anybody made any other promises to you?" Wyatt responded: "Nothing at all, Your Honor." Were Sanan's alleged assurances about Wyatt's sentence a decisive factor in

(continued...)

For these reasons, Sanan's allegedly deficient advice to Wyatt concerning a career offender enhancement did not play a decisive factor in Wyatt's decision to enter the conditional plea.

Wyatt next claims that Sanan rendered ineffective assistance when he failed to argue adequately that Wyatt's prostate condition warranted a lenient sentence. The government points out that Wyatt never asserted that claim in his § 2255 motion and suggests he thus is procedurally barred from raising it here. We agree. Nowhere in his detailed twenty-nine claim motion does Wyatt suggest that Sanan's performance was deficient because Sanan failed to present an adequate mitigation argument based on Wyatt's health. Pro se collateral review filings are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Lewis v. Sternes*, 390 F.3d 1019, 1027 (7th Cir. 2004). As here, however, where a § 2255 motion makes absolutely no mention of a claim, we will not entertain an argument pertaining to that claim on appeal. *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003); *Barker v. United States*, 7 F.3d 629, 632 n.2 (7th Cir. 1993).

Finally, Wyatt argues that Sanan's failure to file a timely petition for a writ of certiorari with the Supreme Court was ineffective assistance. That argument is a non-starter. The Supreme Court held in *Ross v. Moffitt*, 417 U.S.

---

[2] (...continued)
Wyatt's choosing to enter the conditional plea, this would have been the opportune time to raise the issue.

600, 617 (1974), that a criminal defendant has no constitutional right to counsel to pursue a petition for a writ of certiorari. And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (holding that because there is no constitutional right to counsel in state post-conviction proceedings, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings"); *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) (concluding that because petitioner had no constitutional right to counsel in pursuing state supreme court review, petitioner "could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely"); *Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005) ("Because the sixth amendment does not guarantee quality (or any) counsel in post-conviction proceedings, the doctrine of ineffective assistance does not apply and lawyers' errors do not support relief."). Because he had no constitutional right to counsel in seeking review with the Supreme Court, Wyatt cannot claim constitutionally ineffective assistance of counsel based on Sanan's failure to file a timely petition for a writ of certiorari.

One housekeeping matter remains. During the pendency of this appeal, Wyatt filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Western District of Texas, the district in which he is currently confined. In his petition, Wyatt contends that his career offender enhancement should be vacated and his sen-

tence reduced in light of the Supreme Court's opinions in *Chambers v. United States*, 129 S. Ct. 687 (2009) and *Begay* and our decision in *Templeton*. The Texas district court determined that Wyatt could not bring a § 2241 petition challenging his underlying sentence because the escape hatch provision of § 2255(e) was not satisfied. That should have been the end of the matter. However, the district court then construed Wyatt's filing as a second or successive § 2255 motion, determined it lacked jurisdiction to consider it, and transferred the motion to this court because our authorization is required before a § 2255 motion may be filed in the sentencing court, the Southern District of Illinois. *See* 28 U.S.C. §§ 2255(h) & 2244(b)(3)(A). The re-characterization and transfer of Wyatt's petition to this court was unnecessary and likely improper, for we held in *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007), that a § 2241 petition should not be re-characterized as a § 2255 motion because courts must respect a litigant's decision to invoke a certain statute and must resolve the case under that law. It is pointless to transfer the § 2241 petition back to the Texas district court, where it was considered and dismissed. And under § 2241(a), no district within the Seventh Circuit may consider Wyatt's petition because the proper venue for filing a § 2241 petition is the district in which the prisoner is confined. *Moore v. Olson*, 368 F.3d 757, 758-59 (7th Cir. 2004); *see al-Marri v. Rumsfeld*, 360 F.3d 707, 709 (7th Cir. 2004). The matter is over, so we dismiss his petition.

### III.

Having concluded that Wyatt has not established that his counsel's assistance was ineffective under *Strickland*, we AFFIRM the district court's denial of his § 2255 motion. We also DISMISS Wyatt's § 2241 petition.