NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 5, 2011
Decided October 13, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 10-1372 | Appeal from the United States District Court for the Central District of Illinois. |
| LELEN L. BONDS, *Petitioner-Appellant,* | No. 09-3216 |
| *v.* | Jeanne E. Scott, *Judge.* |
| UNITED STATES OF AMERICA, *Respondent-Appellee.* | |

**O R D E R**

Lelen Bonds pleaded guilty to distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1), and was sentenced to 162 months' imprisonment. We upheld his sentence on appeal. *United States v. Bonds*, 289 F. App'x 939 (7th Cir. July 18, 2008). Bonds then filed a motion to vacate, 28 U.S.C. § 2255, challenging his counsel's performance. The district court denied relief, and we granted a certificate of appealability to consider whether Bonds received ineffective assistance of counsel at sentencing.

In 2007 Bonds pleaded guilty to one count of distribution of a controlled substance in violation of § 841(a)(1) after he sold 1.1 grams of crack cocaine to a government

informant. *See Bonds*, 289 F. App'x at 939. At sentencing, the district court noted that Bonds' base offense level normally would be 16, *see* U.S.S.G. § 2D1.1, but that Bonds was a career offender because he had two prior felony drug convictions, *see id.* § 4B1.1(a). As a career offender, Bonds' base offense level was 34 and his criminal history category was automatically VI, *see id.* § 4B1.1(b). The court reduced Bonds' offense level to 31 for acceptance of responsibility, *see id.* § 3E1.1, and calculated a guidelines imprisonment range of 188 to 235 months.

Bonds' counsel argued that he should receive a lower sentence because all of his offenses involved only small quantities of drugs. The district court noted that Bonds was not in the "category of heinous offender" that normally receives a career-offender sentence but decided that a sentence near the guidelines range was nonetheless appropriate based on how the court had sentenced other defendants who had committed similar offenses and had similar records. After considering Bonds' arguments in mitigation, the court sentenced him below the guidelines range to 162 months' imprisonment. The court also encouraged Bonds to cooperate with the government and noted that the government could later move to have Bonds resentenced to a shorter term of imprisonment if his cooperation proved beneficial.

Bonds appealed, but his counsel moved to withdraw because she could not identify a nonfrivolous issue for appeal, *see Anders v. California*, 386 U.S. 738, 744 (1967). *Bonds*, 289 F. App'x at 939. Bonds filed a pro se response opposing counsel's motion to withdraw, *see* CIR. R. 51(b), arguing that his sentence was unreasonable because his offense involved only a small amount of crack cocaine. *Bonds*, 289 F. App'x at 940. We found that any challenge to Bonds' sentence would be frivolous and granted counsel's motion to withdraw. *Id.* at 941

Bonds then filed a motion to vacate under 28 U.S.C. § 2255 arguing that he was denied effective assistance of counsel at sentencing. First, he maintained that counsel should have objected to the district court considering factors outside of 18 U.S.C § 3553(a), namely that he could potentially get a shorter sentence in the future if he cooperated with the government. Second, he argued that his counsel was ineffective for not requesting a lower sentence based on the disparity between sentences for crack and powder cocaine offenses, *see Kimbrough v. United States*, 552 U.S. 85, 91 (2007).

The district court rejected both contentions. The court explained that it mentioned the government's ability to move for resentencing only to encourage Bonds to cooperate and did not consider this a factor in determining that 162 months was an appropriate sentence. As to Bonds' *Kimbrough* argument, the court noted that *Kimbrough* was inapplicable because Bonds' guideline range was determined by the career-offender guideline, § 4B1.1, rather than § 2D1.1, the guideline that governs cocaine offenses for non-career offenders. Because

both of Bonds' arguments are meritless, the court continued, counsel's assistance was not defective for failing to make them.

We granted a certificate of appealability to consider Bonds' argument that counsel provided ineffective assistance at sentencing by failing to argue for a shorter sentence based on the crack/powder disparity.

On appeal Bonds first argues that counsel's assistance was defective because she failed to argue under *Kimbrough* that the sentencing court should reject the career-offender guideline as producing unreasonably high sentences for "low-level crack offenders." Bonds argues it was objectively unreasonable for counsel to fail to raise this argument and that he was prejudiced because he may have received a shorter sentence had it been raised.

In an appeal from a denial of a § 2255 motion, we review the district court's findings of fact for clear error and its rulings of law de novo. *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010). To succeed on an ineffective assistance of counsel claim, Bonds must show that counsel's performance fell below an objective standard of reasonableness and that, but for the deficiency, there is a reasonable probability that the outcome would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Freeman v. Chandler*, 645 F.3d 863, 869 (7th Cir. 2011).

Bonds was sentenced in 2007, one week after the Supreme Court announced in *Kimbrough* that district courts have the authority to disagree with the sentencing guidelines for crack and powder cocaine offenses on policy grounds. At the time of Bonds' sentencing hearing, the argument that a district court could also disagree with the career-offender guideline on policy grounds was novel. Moreover, shortly after Bonds' sentence was affirmed on appeal, this argument was foreclosed by our decision in *United States v. Harris*, 536 F.3d 798, 812–13 (7th Cir. 2008) ("to the extent [§ 4B1.1] treats crack cocaine differently from powder cocaine, the disparity arises from a statute, not from the advisory guidelines"). *See also United States v. Welton*, 583 F.3d 494, 497 (7th Cir. 2009). In 2010 we overruled *Harris* and held that judges are as free to disagree with § 4B1.1 as they are to disagree with § 2D1.1, the guideline that sets the crack/powder ratio. *See United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010) (en banc). Counsel, however, was not ineffective for failing to anticipate a novel argument, even if a more clever lawyer might have spotted it on the horizon. *United States v. Rezin*, 322 F.3d 443, 446–47 (7th Cir. 2003).

Bonds next argues that trial counsel was ineffective for failing to seek a one-category reduction in his criminal history under U.S.S.G. § 4A1.3(b)(1). That guideline allows for a downward departure if "the criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."

Bonds is barred from raising an argument based on § 4A1.3(b)(1) because he did not raise it in his motion to vacate. *See Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009). Although pro se filings are construed liberally, we will not consider a claim that was not raised in the § 2255 motion to the district court. *Id.* Bonds responds that, despite not mentioning § 4A1.3(b)(1), he nonetheless raised the argument in the district court when he argued that counsel should have sought a shorter sentence based on *Kimbrough*. But those are two distinct contentions—one based on the crack/powder disparity and the other based on the seriousness of his criminal history. Bonds cannot assert a new factual basis for his ineffective-assistance claim on appeal. *See Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003).

Even if this contention was not barred, counsel did not err by neglecting § 4A1.3(b). The concept of departures was rendered obsolete when the guidelines were made advisory in *United States v. Booker*, 543 U.S. 220, 226–27 (2005). *See United States v. Miranda*, 505 F.3d 785, 792 (7th Cir. 2007); *United States v. Johnson*, 427 F.3d 423, 426 (7th Cir. 2005); *United States v. Castro-Juarez*, 425 F.3d 430, 434 (7th Cir. 2005). District courts can still take guidance from the departure provisions in the guidelines and apply them by way of analogy when assessing the § 3553(a) factors, *see United States v. Guyton*, 636 F.3d 316, 320 n.2 (7th Cir. 2011); *Miranda*, 505 F.3d at 792, but the district court's duty is to properly calculate the guideline range and then come up with a reasonable sentence under § 3553(a), *see United States v. Munoz*, 610 F.3d 989, 994 (7th Cir. 2010); *United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009) (noting that applying a departure under § 4A1.3(b) is a "discretionary decision that has nothing to do with 'correct' Guidelines calculation"). Moreover, departures are warranted only for defendants who have "steered clear of crime for a substantial period of time and whose prior offenses were relatively minor," *United States v. Bradford*, 78 F.3d 1216, 1223–24 (7th Cir. 1996); *see* U.S.S.G. § 4A1.3 cmt. n.3, and Bonds had a long and violent criminal history, including a recent felony drug conviction. Rather than seek a departure, Bonds' counsel argued that the court should exercise its discretion under § 3553(a) to give Bonds a shorter sentence because his prior offenses involved only small amounts of drugs. Counsel's performance was not deficient for making this mitigating argument directly rather than needlessly complicating the analysis by instead requesting a departure. *See United States v. Spano*, 476 F.3d 476, 480 (7th Cir. 2007).

Accordingly, we AFFIRM the judgment of the district court.