In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3792

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JOHN M. WYATT,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02-CR-30060-DRH—**David R. Herndon**, *Chief Judge*.

On Petition for Rehearing

DECIDED MARCH 6, 2012

Before EASTERBROOK, *Chief Judge*, and COFFEY[*] and ROVNER, *Circuit Judges*.

[*] Circuit Judge Coffey retired on January 1, 2012, and did not participate in the decision of this petition for rehearing. The case is being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

ROVNER, *Circuit Judge*. John M. Wyatt is caught in a procedural mess from which we cannot extricate him. Wyatt was convicted of a drug offense in the Southern District of Illinois, a court sitting within the Seventh Circuit. He is incarcerated in the Western District of Texas, which sits in the Fifth Circuit. The district court that sentenced him concluded that he was a career offender under section 4B1.1 of the Sentencing Guidelines, based, in part, on an erroneous assumption that it should treat his prior conviction for a walkaway escape from a halfway house as a qualifying felony for the career-offender adjustment. The court did not make this assumption without cause; that was the law of this circuit at the time. *See United States v. Bryant*, 310 F.3d 550, 554 (7th Cir. 2002). With the career offender finding, Wyatt's sentencing guidelines range was 262 to 327 months' imprisonment, and the court sentenced Wyatt to 262 months. Although it is difficult to discern from the record as it currently stands what the range would have been without the career offender finding, Wyatt's base offense level for his conviction was 26, which, combined with his criminal history category of VI would have resulted in a guidelines range of 120 to 150 months.[1]

---

[1] Wyatt was convicted of one count of possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). The career offender finding by itself would have resulted in a sentencing guideline level of 37, which the sentencing court apparently reduced by three

(continued...)

We affirmed Wyatt's conviction and sentence on direct appeal, rejecting his argument that the walkaway escape was not a crime of violence under the career offender guideline. *United States v. Wyatt*, 133 F.App'x 310, 316 (7th Cir. 2005) ("*Wyatt I*"). His attorney failed to file a petition for a writ of certiorari challenging our affirmance, which, in retrospect, is unfortunate because the Supreme Court later held in another defendant's case (as we discuss below) that a walkaway escape is not a crime of violence.

We also affirmed the district court's subsequent denial of Wyatt's first motion under 28 U.S.C. § 2255. *United States v. Wyatt*, 574 F.3d 455 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1925 (2010) ("*Wyatt II*"). In that appeal, Wyatt argued that he received ineffective assistance of counsel at trial and in the direct appeal process. He cited his attorney's failure to file a petition for a writ of certiorari challenging his conviction and sentence after we affirmed the district court's judgment on direct appeal. He also complained that his attorney failed to inform

---

[1] (...continued)

levels for acceptance of responsibility. The resulting offense level of 34, combined with Wyatt's criminal history category of VI, resulted in a sentencing guidelines range of 262 to 327 months. If Wyatt had not been sentenced as a career offender, it is difficult to tell from the record as it stands what enhancements and reductions the court might have applied to his base level of 26. There is little doubt that the career offender enhancement significantly raised the guidelines range for Wyatt.

him before he pled guilty that he could be sentenced as a career offender based on his walkway escape from a halfway house. Apart from his ineffective assistance argument, however, Wyatt did not raise in his section 2255 appeal a stand-alone claim that his escape was improperly treated as a crime of violence for the purposes of the career offender guideline. In *Wyatt II*, we found that the failure of Wyatt's attorney to file a petition for a writ of certiorari in his direct appeal could not constitute ineffective assistance of counsel because a defendant has no right to an attorney in seeking review with the Supreme Court. *Wyatt II*, 574 F.3d at 459.

While Wyatt's appeal from the denial of his first section 2255 motion was pending, he filed a *habeas corpus* petition under 28 U.S.C. § 2241 in the Western District of Texas based on the Supreme Court's then-recent decision in *Chambers v. United States*, 555 U.S. 122 (2009). In *Chambers*, the Court held that the passive offense of failing to report to a penal institution was not properly classified as a violent felony under the Armed Career Criminal Act (the "ACCA"). The ACCA uses language identical to that in section 4B1.2[2] of the Sentencing Guidelines to define the term "crime of violence," and we have therefore analyzed the statute and the guideline in the same way. *See United States v. Womack*, 610 F.3d 427, 433 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 3020 (2011)

---

[2] Section 4B1.1 of the Sentencing Guidelines defines the term "career offender," and section 4B1.2 defines the term "crime of violence" as it is used in section 4B1.1.

(noting that we "interpret coterminously the ACCA and the career offender § 4B1.1 provision"). The Court had also recently decided *Begay v. United States*, 553 U.S. 137 (2008), where it held that whether a crime is a violent felony under the ACCA is determined by how the law defines it and not how an individual offender might have committed it on a particular occasion.

Based on those two cases, Wyatt asked in his section 2241 petition that his sentence be vacated because the sentencing court (in the Southern District of Illinois) had erred in concluding that his conviction for walking away from a halfway house was a qualifying violent crime for career offender status under the guidelines. The district court (in the Western District of Texas) determined that Wyatt could not bring a section 2241 petition challenging this sentencing error because the escape hatch of section 2255(e) was not satisfied.[3] *Wyatt*

---

[3] Section 2255(e) provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." This provision is commonly known as the "escape hatch" because it allows a prisoner to file an application for *habeas corpus* relief without first moving for section 2255 relief, and also allows a prisoner to apply for *habeas corpus* relief if section 2255 relief
(continued...)

*v. Bragg*, No. EP-09-CA-71-DB (W.D. Tex. Mar. 4, 2009). The Texas court also recharacterized Wyatt's section 2241 petition as an application to file a successive section 2255 motion and transferred it to the Seventh Circuit. *Id.*

We issued an order transferring the matter to Wyatt's pending appeal of his section 2255 action and construing it as a motion to amend the certificate of appealability.[4] *Wyatt v. United States*, No. 09-1624 (7th Cir. Mar. 13, 2009). Although we characterized the transferred section 2241 petition as a request to amend the certificate of appealability in Wyatt's appeal of his section 2255 motion, we ultimately did not treat it as such. Instead we concluded that it was improper for the Texas court to recharacterize the section 2241 petition, but we found that it would be pointless to transfer it back to the Western District of Texas where it had been considered

---

[3]  (...continued)
has already been denied, if section 2255 is "inadequate or ineffective to test the legality of his detention."

[4]  Shortly after we entered this order, Wyatt filed a second section 2241 petition in the Western District of Texas, this time challenging his conviction under the Supreme Court's then-recent decision in *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710 (2009). The district court again found that the challenge could not be brought in a section 2241 petition, recharacterized Wyatt's claim as an application to file a second or successive section 2255 motion and transferred it to the Seventh Circuit. We subsequently granted Wyatt's motion to dismiss the transferred *Gant*-based application.

and dismissed. *Wyatt II*, 574 F.3d at 460. *See also Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) (section 2241 is a distinct form of relief in a specific court, and persons initiating such claims are entitled to have them resolved under the grant of authority they chose to invoke). We also noted that no district court within the Seventh Circuit could entertain Wyatt's section 2241 claim because the proper venue for such a claim is the district in which the prisoner is confined. *Wyatt II*, 574 F.3d at 460.

After we affirmed the denial of Wyatt's first section 2255 motion, he filed in the Seventh Circuit his first application for permission to file a second or successive section 2255 motion, raising a stand-alone *Chambers*/*Begay* issue. *See* 28 U.S.C. § 2244(b)(3). As we have noted, Wyatt previously raised this issue in his first section 2255 appeal only in the context of ineffective assistance of counsel. We denied Wyatt's application because *Chambers* and *Begay* did not announce constitutional rules but instead interpreted statutory terms. Wyatt's application therefore failed to meet the standard for authorizing a second or successive section 2255 motion. *See Wyatt v. United States*, No. 10-2386 (7th Cir. June 15, 2010).

Wyatt then filed his third section 2241 petition in the Western District of Texas, this one also based on *Begay* and *Chambers*. As it had done before, the Texas district court determined that Wyatt could not bring this claim in a section 2241 petition, and the court again recharacterized the petition as an application

to file a second or successive section 2255 motion and transferred it to the Seventh Circuit. *Wyatt v. Bragg*, No. EP-10-CA-237-DB (W.D. Tex. June 29, 2010) (*Wyatt III*). We dismissed that transferred matter as duplicative of Wyatt's first Seventh Circuit application for a second or successive section 2255 motion. We noted, however, that, "under this circuit's law, Wyatt properly brought his *Begay*/*Chambers* claim under § 2241 in Texas, where the court has jurisdiction over his custodian." *Wyatt v. United States*, No. 10-2607 (7th Cir. July 12, 2010). *See also Welch v. United States*, 604 F.3d 408 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 3019 (2011). We noted that the Texas court disagreed with *Welch*, finding instead that section 2255 is not inadequate or ineffective to test Wyatt's claim because he is challenging his sentence, not his conviction. We hinted that Wyatt might still be able to appeal the decision denying his section 2241 petition. Wyatt apparently followed our suggestion and filed an appeal in the Fifth Circuit challenging the denial and transfer of his section 2241 petition.

This tortured history brings us to Wyatt's latest attempt to obtain relief from his sentence as a career offender, a status that he would not be assigned under current Supreme Court and Seventh Circuit law. On November 1, 2010, Wyatt filed a Rule 33(a) motion for a new trial in the Southern District of Illinois, where he was originally sentenced. Wyatt argued that he was entitled to a new trial because *Chambers* and *Begay* constituted newly discovered evidence of his innocence. The district court found that Wyatt's motion was untimely and that Supreme Court cases do not con-

stitute evidence. The court then concluded that Wyatt's motion was an unauthorized successive collateral attack on his conviction and the court dismissed the motion for lack of jurisdiction. On appeal, we affirmed the district court. We noted that Wyatt had an appeal pending in the Fifth Circuit related to a prior dismissal of one of his section 2241 petitions in which he raised the same *Chambers/Begay* issue. Again citing our decision in *Welch*, we advised Wyatt that this was the proper vehicle for obtaining relief. *See United States v. Wyatt*, No. 10-3792 (7th Cir. April 4, 2011) ("*Wyatt IV*") (Order affirming denial of Rule 33 motion).

Before us now is Wyatt's Petition for Rehearing in *Wyatt IV* as well as his December 22, 2011 request to convert his Rule 33 motion into an application for a successive section 2255 motion. Since we last advised Wyatt that his Fifth Circuit appeal was the proper avenue of relief, the Fifth Circuit has sidestepped the substantive question. *Wyatt v. Bragg*, 422 F.App'x 352 (5th Cir. 2011) ("*Wyatt V*"). The Fifth Circuit held that the district court's transfer order was a nonappealable interlocutory order and dismissed the appeal for lack of jurisdiction. *See also Wyatt v. Bragg*, 2011 WL 1839057 (W.D. Texas May 12, 2011) (construing Wyatt's latest petition for *habeas* relief as a section 2255 claim and dismissing it for lack of jurisdiction but not transferring it to the Seventh Circuit). The Texas district court's refusal to consider Wyatt's section 2241 petitions on the merits coupled with the recharacterization to applications to file successive section 2255 motions and repeated transfers to this circuit have resulted in Wyatt's inability to

challenge the Texas court's denial of a section 2241 claim on the merits.

The Supreme Court has held that the first decision about where a suit belongs is the law of the case, and that in the usual case another court should not respond by batting the suit back again. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816-17 (1988). The Court also held, though, that a "court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous[.]" *Christianson*, 486 U.S. at 817. The initial order of the Western District of Texas transferring the matter to us was clearly erroneous. *See Wyatt II*, 574 F.3d at 459-60. We explained in *Wyatt II* why Wyatt's claims cannot be raised in a successive section 2255 motion, why the Western District of Texas is the only appropriate district, and why a procedurally valid section 2241 petition (valid because both Wyatt and his custodian are in the Western District of Texas) cannot be treated as something else and litigated somewhere else. *Wyatt II*, 574 F.3d at 460. And, in compliance with *Christianson*, we did not transfer that case back to Texas; we dismissed it. Perhaps the district court in the Western District of Texas is not aware of our decision. The most recent transfer order, *Wyatt III*, does not mention either *Christianson* or our decision in *Wyatt II*. We cannot directly review the transfer decision, of course, but we hope our decision today clarifies the situation for further proceedings in the Western District of Texas.

Regardless of where the case proceeds, it is doubtful that Wyatt has a viable claim for relief on collateral review at this stage of the proceedings. We now know from *Chambers* and *Begay* that if Wyatt had filed a petition for a writ of certiorari in his direct appeal, the Supreme Court likely would have ruled in his favor. We know from *Narvaez v. United States*, ___ F.3d ___, 2011 WL 6382106 (7th Cir. Dec. 6, 2011), that if Wyatt had raised this challenge as a stand-alone issue (instead of as a challenge to the effectiveness of his counsel) in his first section 2255 motion in this court, we might have granted relief. We say "might" because Narvaez was sentenced under a mandatory guidelines scheme and Wyatt was sentenced at a time when the district court was aware the guidelines would be considered advisory and so we have not yet considered this precise scenario. A defendant challenging a conviction on collateral review after the Supreme Court narrowed the statute under which the defendant was convicted would be entitled to relief under section 2241. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). In an ACCA case, a defendant in Wyatt's circumstances could well be entitled to relief under section 2241 if he were incarcerated in the Seventh Circuit. *Welch*, 604 F.3d at 415. But this is not a statutory case or an ACCA case; it is a sentencing guidelines case, and it does not appear that, at this stage, Wyatt is entitled to any relief on collateral review in these circumstances. *See Welch*, 604 F.3d at 412 n.4 (noting that deviations from the guidelines generally are not cognizable on a section 2255 motion and collecting cases). *See also Gilbert v. United States*, 640

F.3d 1293, 1323 (11th Cir. 2011) (*en banc*) ("[T]he savings clause [of section 2255(e)] does not authorize a federal prisoner to bring in a [section] 2241 petition a claim, which would otherwise be barred by [section] 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum.").

We have told Wyatt that section 2255 is not the proper vehicle for having his claim considered on the merits. Our denial of leave to file a second or successive section 2255 is not appealable and the district courts lack jurisdiction to consider a section 2255 motion by Wyatt. Therefore, Wyatt will get nowhere filing a section 2255 motion or an application under section 2244(b) in the Seventh Circuit. *See* 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."). The time has expired for Wyatt to file a petition for a writ of certiorari from *Wyatt V*, the Fifth Circuit's dismissal of Wyatt's appeal of his third section 2241 petition in the Western District of Texas.

The instant case, which came to us as a motion for a new trial, is not the correct vehicle for relief, and so we deny Wyatt's Petition for Rehearing. We also deny his recent request to convert his Rule 33 motion into an application for a successive section 2255 motion. For the reasons we stated in *Wyatt II*, he cannot meet the standards for a second or successive section 2255 mo-

tion. The district court in Texas repeatedly has declined to rule on Wyatt's section 2241 petitions on the merits, instead erroneously recharacterizing his petitions as successive section 2255 claims. And the Fifth Circuit has held that it has no jurisdiction to review the district court's orders transferring Wyatt's claims to us. *See Wyatt V*, 422 F.App'x at 353.

Wyatt would not be sentenced as a career offender today and likely would receive a substantially lower sentence; the taxpayer is footing the bill to keep Wyatt in prison far longer than Congress or the Sentencing Commission intended, but there is no longer any judicial procedure to remedy the situation. At this point, only the executive branch has the authority to grant Wyatt the relief he seeks. *See Herrera v. Collins*, 506 U.S. 390, 411-12 (1993) (clemency is the historic remedy for preventing miscarriages of justice where judicial process has been exhausted). As matters stand now, Wyatt's claims are being batted back and forth between two circuits with differing views of how (and perhaps whether) he may be heard on the merits of his claim. This is an untenable and unseemly waste of judicial resources. The pending motion and the Petition for Rehearing are

DENIED.