NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted March 30, 2012*

Decided April 10, 2012

Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| **No**. 11-3909 | Appeal from the United States District Court for the Central District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 07-30030 |
| LELEN L. BONDS, *Defendant-Appellant*. | Sue E. Myerscough, *Judge*. |

## Order

Lelen Bonds pleaded guilty to distributing crack cocaine. We affirmed his sentence, 289 Fed. App'x 939 (7th Cir. July 18, 2008) (nonprecedential disposition), and affirmed an order denying his motion for collateral relief under 28 U.S.C. §2255, see 441 Fed. App'x 386 (7th Cir. Oct. 13, 2011) (nonprecedential disposition). Bonds then asked the district court to reduce his sentence under Amendments 750 and 759 of the Sentencing Guidelines, which reduce the ranges for crack-cocaine offenses and make those changes retroactive as of November 1, 2011. See 18 U.S.C. §3582(c)(2).

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The district court dismissed Bonds's motion, because he was sentenced as a career offender, and the amended Guidelines do not change the ranges for career offenders. Because §3582(c)(2) authorizes a sentencing reduction only when the Guideline ranges have changed, and the offender's existing sentence exceeds the floor of the new range, career offenders cannot benefit from retroactive amendments (unless the Commission changes the ranges for career offenders, which it has not done). See *United States v. Guyton*, 636 F.3d 316 (7th Cir. 2010).

Bonds asks us to overrule *Guyton*, which he contends is inconsistent with *Freeman v. United States*, 131 S. Ct. 2685 (2011). But *Freeman* has nothing to do with how retroactive amendments affect career offenders. It dealt with the effect of Fed. R. Crim. P. 11(c)(1)(C), which allows the prosecutor and defendant to reach a plea bargain specifying a particular term of imprisonment. The Court held that because such an agreement might be based on a Guideline range, the resulting sentence could be affected by a retroactive amendment. The career-offender Guideline, by contrast, is based on the statutory maximum sentence for the offense, see 28 U.S.C. §994(h), and a career offender's sentence is based on that Guideline. Unless the Commission changes the career-offender Guideline with retroactive effect, §3582(c)(2) does not authorize a reduction in an existing sentence.

AFFIRMED