# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-1887
_____

Sherman Ray Meirovitz

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: March 16, 2012
Filed: August 7, 2012
_____

Before MURPHY, BRIGHT, and GRUENDER, Circuit Judges.
_____

GRUENDER, Circuit Judge.

A jury found Sherman Meirovitz guilty of conspiracy to distribute cocaine and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. *United States v. Meirovitz*, 918 F.2d 1376, 1377 (8th Cir. 1990). The presentence report classified Meirovitz as a career offender with a sentencing guidelines range of 360 months to life, and a district court sentenced him to life in prison without parole. On direct appeal, we affirmed Meirovitz's conviction and

sentence. *Id.* In 2010, Meirovitz brought a motion under 28 U.S.C. § 2255, arguing that, pursuant to *Johnson v. United States*, 559 U.S. ---, 130 S. Ct. 1265 (2010), his conviction for manslaughter in the second degree under Minnesota Statute section 609.205, which contributed to his classification as a "career offender" under U.S.S.G. § 4B1.1, is not a crime of violence. The district court[1] denied Meirovitz's motion, and Meirovitz now appeals. We affirm for the reasons that follow.

The remedy provided by § 2255 "does not encompass all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). A federal prisoner may file a § 2255 motion if he claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* (quoting § 2255(a)). An error of law provides a basis for collateral attack only when "the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (quoting *Addonizio*, 442 U.S. at 185) (internal quotation marks omitted). Meirovitz does not contend that his sentence exceeds the statutory maximum or that the sentencing court lacked jurisdiction. Furthermore, Meirovitz's opening brief does not allege that his sentence violates the Constitution.[2]

The present matter is closely analogous to this court's en banc decision in *Sun Bear*. There, the district court sentenced Marlon Dale Sun Bear to 360 months'

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[2]To the extent Meirovitz's reply brief argues that his sentence violates the Eighth Amendment, we decline to consider the argument. *See United States v. Barraza*, 576 F.3d 798, 806 n.2 (8th Cir. 2009) ("Arguments raised for the first time in a Reply Brief need not be addressed.").

imprisonment based on a guidelines range of 360 months to life in prison. *Id.* at 702. This guidelines range resulted from a career-offender enhancement, with Sun Bear's pre-enhancement range set at 292 to 365 months. *Id.* Sun Bear submitted a § 2255 motion "alleging that the career offender determination violated *Begay v. United States*, 553 U.S. 137 [(2008)]." *Id.* at 702. This court noted "that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim," *id.* at 704 (quoting *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995)), and concluded that "Sun Bear's collateral attack on an application of the career offender guidelines provisions is not cognizable under § 2255," *id.* We observed that Sun Bear's 360-month sentence was "well-within the statutory maximum authorized" for his crime of conviction, was within the pre-enhancement guidelines range, and "could be reimposed were Sun Bear granted the § 2255 relief he requests," and concluded that these facts were sufficient to establish that the alleged error in calculating the guidelines range did not amount to a miscarriage of justice. *Id.* at 705.

In this case, Meirovitz's life sentence does not exceed the statutory maximum. Additionally, Meirovitz's attorney conceded during oral argument that the sentencing guidelines range of 360 months to life under which Meirovitz received his sentence is identical to the guidelines range that would have applied absent the career-offender enhancement. Thus, as in *Sun Bear*, Meirovitz's sentence does not exceed the statutory maximum, is within the pre-enhancement guidelines range, and could be reimposed even if we were to adopt Meirovitz's position that he is not a "career offender."

Meirovitz attempts to distinguish *Sun Bear* by noting that Sun Bear's sentence was *below* the maximum statutory sentence while Meirovitz's sentence is the maximum sentence allowable. While the *Sun Bear* court noted that Sun Bear's sentence was "well-within the statutory maximum," *id.* at 705, the court's rationale remains applicable to cases in which a district court imposes the maximum sentence

permitted by statute, *see id.* at 706 (stating the "basic principle that, in sentencing, a miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law").

Additionally, Meirovitz suggests that *Sun Bear* is inapplicable because a sentence involving "the loss of liberty for the rest of his life" constitutes a miscarriage of justice in a way that certain excessive term-of-years sentences do not. Although we recognize that life sentences are typically more punitive than term-of-years sentences, the facts noted in *Sun Bear*—that the sentence did not exceed the statutory maximum, would have remained within guidelines range even if the career-offender enhancement did not apply, and could be reimposed even if § 2255 relief were granted—are unaffected.

Because *Sun Bear* dictates that Meirovitz's motion under § 2255 is not cognizable, we affirm.[3]

BRIGHT, Circuit Judge, concurring.

I concur with the majority that this case is controlled by our en banc decision in *Sun Bear v. United States*, 644 F.3d 700 (8th Cir. 2011) (en banc). Even though I am obligated to apply the controlling precedent in this case, I write separately to

---

[3]Meirovitz's brief asserts tangentially that this court should remand the case to the district court to reconsider the "questionable finding of an organizer role under [U.S.S.G. §] 3B1.1(a)." Meirovitz, however, did not explain in his opening brief why this issue can be addressed in this collateral proceeding. *See Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) ("A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not."). Additionally, Meirovitz's counsel conceded during oral argument that the question of whether the sentencing court properly applied the organizer-role enhancement to Meirovitz is not properly before this court.

voice my disagreement with our holding in *Sun Bear* and its resulting impact on Meirovitz.

Meirovitz was classified as a career offender under U.S.S.G. § 4B1.1 based on two prior convictions—second degree manslaughter and possession with the intent to distribute cocaine (along with lysergic acid diethylamide (LSD), and methamphetamine).[4] The career offender status moved Meirovitz from category V to category VI within the sentencing guidelines, though it did not alter the guideline range of 360 months (30 years) to life. The district court accepted the career offender classification and sentenced Meirovitz to life in prison. The sentencing judge highlighted the manslaughter conviction as part of the reason he found Meirovitz to be a violent, career offender: "The top of the guidelines is most appropriate for this defendant because of his substantial criminal record, a long-time, violent drug dealer, involved, among other things, in the shooting death of his mother-in-law."

In his § 2255 motion, Meirovitz argues that *United States v. Johnson*, 130 S.Ct. 1265 (2010), states a new rule with retroactive effect that precludes his second degree manslaughter conviction in Minnesota from being considered a "crime of violence" for career offender status under U.S.S.G. § 4B1.1. If Meirovitz's manslaughter conviction cannot be used to classify him as a career offender, he would be resentenced as a non-career offender and under a lesser category of the guidelines, though with the same advisory guideline range of 360 months (30 years) to life. However, while the government concedes that *Johnson* states a new rule with retroactive effect, they contest its application to Meirovitz's manslaughter conviction. We do not reach this issue because, as the majority notes, Meirovitz was sentenced below the statutory maximum and, therefore, our en banc court has concluded that

---

[4]His only other conviction was for possession of LSD, cocaine, and methamphetamine in 1979 and was not eligible for career offender status. *See* U.S.S.G. § 4B.2(2).

any alleged sentencing error does not rise to the level required for § 2255 relief. *See Sun Bear*, 644 F.3d at 705. While I am bound by that decision, I respectfully disagree.

Section 2255 can provide relief for a non-jurisdictional, non-constitutional error of law if that error is "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979). The statutory-maximum sentence cannot be the only touchstone for whether or not a miscarriage of justice has occurred at sentencing. The Seventh Circuit held as such when it granted relief under § 2255 to a defendant whose then-mandatory sentencing guidelines range was increased by approximately five years due to an erroneous career offender designation. *Narvaez v. United States*, 674 F.3d 621, 629–30 (7th Cir. 2011). While *Narvaez* is distinguishable from this case, the underlying principles surrounding career offender status apply with equal force.[5] *See id.* at 630 n.14 (noting "to the extent a tension between this opinion and the Eighth Circuit's reasoning in *Sun Bear* exists, we respectfully disagree with our colleagues on the Eighth Circuit.").

Career offender status is reserved for a special subgroup of repeat, violent, and incorrigible defendants. *Id.* at 629. Classifying an individual as belonging to that category "brand[s them] as a malefactor deserving of far greater punishment than that usually meted out for an otherwise similarly situated individual who committed the

---

[5]The Seventh Circuit has not opined on a case where the guideline range remained unchanged or under the now-advisory sentencing regime. *See United States v. Wyatt*, 672 F.3d 519, 523 (7th Cir. 2012) ("Narvaez was sentenced under a mandatory guidelines scheme and Wyatt was sentenced at a time when the district court was aware the guidelines would be considered advisory and so we have not yet considered this precise scenario."); *Narvaez*, 674 F.3d at 630 ("the career offender status illegally increased Mr. Narvaez's sentence approximately five years beyond that authorized by the [then-mandatory] sentencing scheme," but below the statutory maximum).

same offense." *Id.* In Meirovitz's original appeal, the panel noted his sentence was "harsher than other career offenders with significantly more violent backgrounds . . . ."[6] *United States v. Meirovitz*, 918 F.2d 1376, 1382 (8th Cir. 1990). If, under *Johnson*, Meirovitz should not have been placed in the same category as other violent career offenders, he deserves the opportunity to be resentenced. "Speculation that the district court today might impose the same sentence is not enough to overcome the fact that, at the time of his initial sentencing, [Meirovitz] was sentenced based upon the equivalent of a nonexistent offense." *Narvaez*, 674 F.3d at 629. Wrongfully including a defendant as a career offender and sentencing him to life in prison based on that association is the type of "complete miscarriage of justice" deserving of § 2255 relief.

> As to the concerns over finality, I quote the well-written views of Judge Hill:

> I recognize that without finality there can be no justice. But it is equally true that, without justice, finality is nothing more than a bureaucratic achievement. Case closed. Move on to the next. Finality with justice is achieved only when the imprisoned has had a meaningful opportunity for a reliable judicial determination of his claim.

*Gilbert v. United States*, 640 F.3d 1293, 1337 (11th Cir. 2011) (Hill, J., dissenting), *quoted in Sun Bear*, 644 F.3d at 711 (Melloy, J., dissenting). If I were working on a clean slate, I would provide Meirovitz a meaningful opportunity for judicial review by remanding the case to the district court to determine in the first instance whether the rule expressed in *Johnson* applies to Minnesota's manslaughter statute.

_____

[6]Even in *Sun Bear*, the district court sentenced the defendant to the bottom of the guideline range—360 months' (30 years') imprisonment—after the sentencing judge "commented that it had 'not seen a man this young have a criminal history of this type in the years that I've sat on the bench,' and opined that Sun Bear was 'more than a career criminal,' having 'done nothing his entire life other than attack people [and] steal their property.'" *Sun Bear*, 644 F.3d at 702, n.2.