# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1936

_____

United States of America

*Plaintiff - Appellee*

v.

Lawrence Wesley Jenkins, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 12, 2012
Filed: November 29, 2012
[UNPUBLISHED]

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Lawrence Jenkins appeals the district court's[1] denial of his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2). We affirm.

_____

[1] The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

Jenkins pled guilty to possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). The presentence investigation report (PSR) calculated a base offense level of 30 based on the amount of crack cocaine attributed to him, U.S.S.G. § 2D1.1, and categorized him as a career offender based on prior felony convictions. Id. § 4B1.1. Since his offense level from the career offender table was higher than his level from the drug quantity table, the PSR applied the level from the career offender table. Id. § 4B1.1(b)(C). After subtracting three levels for acceptance of responsibility, the PSR determined his guideline range to be 262 to 327 months. The district court adopted the guideline calculation in the PSR and then departed downward based on Jenkins's substantial assistance and background and sentenced Jenkins to 188 months.

In January 2012 Jenkins moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) after Amendment 750 to the Sentencing Guidelines reduced offense levels listed in § 2D1.1 for certain crack cocaine offenses. The district court denied the motion after concluding that Amendment 750 did not affect Jenkins's sentence as a career offender. Jenkins argues that the district court erred in denying his motion because his sentence was "influenced" by the crack cocaine guidelines and the district court had departed downward from the career offender influenced guideline calculation when sentencing him, citing Freeman v. United States, 131 S. Ct. 2685, 2695 (2011), and United States v. Rivera, 662 F.3d 166,172–84 (2d Cir. 2011).

We review de novo whether the district court had authority to reduce Jenkins's sentence. United States v. Washington, 618 F.3d 869, 872 (8th Cir. 2010). In United States v. Harris, 688 F.3d 950, 955 (8th Cir. 2012), we concluded that a defendant sentenced under the career offender guidelines was not eligible for a sentence reduction under § 3582(c)(2) based on Amendment 750. Harris had pled guilty to distributing drugs, had been sentenced based on the career offender guidelines, and had received a reduction for acceptance of responsibility as well as other departures. Id. at 951–52. We concluded that he was not eligible for a sentence reduction because his sentence was not "based on the crack-cocaine guidelines but, rather, on

the applicable career-offender range." Id. at 953. We also concluded that neither Freeman, 131 S. Ct. at 2699–700, nor Rivera, 662 F.3d at 175, allowed him to seek a sentence reduction because his sentence had been based on the career offender range. Harris, 688 F.3d at 955; see also U.S.S.G. § 1B1.10 cmt. n.1(A). The Seventh Circuit has also agreed that "Freeman has nothing to do with how retroactive amendments affect career offenders." United States v. Bonds, 468 F. App'x 620, 620 (7th Cir. 2012).

We conclude that Jenkins is not entitled to a sentence reduction under § 3582(c)(2). As in Harris, Jenkins's sentence was based on the career offender guidelines, he received a sentence reduction for acceptance of responsibility, and he was given further reductions to his sentence by the district court. Amendment 750 retroactively reduced sentencing guideline ranges for certain crack cocaine offenses, but it did not affect guidelines related to career offenders. See Harris, 688 F.3d at 955. As we concluded in Harris, neither Freeman nor Rivera are applicable because Jenkins was sentenced under the career offender guidelines.

A reduction to Jenkins's sentence also is contrary to U.S.S.G. § 1B1.10 which permits a reduction if a retroactive amendment has the effect of lowering the defendant's applicable guideline range. In November 2011 commentary to § 1B1.10 was amended to clarify that the "applicable guideline range" that must be lowered for a defendant to be eligible for a sentence reduction is the range relied on by the district court "before consideration of any departure provision . . . or any variance." Id. at cmt. n.1(A). Jenkins's "applicable guideline range" was based on the career offender guideline under § 4B1.1 before any departures and that guideline was not modified by Amendment 750. Jenkins therefore is not eligible to seek a sentence reduction.

The district court's decision is affirmed.

———————————————————

-3-