# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 7, 2013

Lyle W. Cayce
Clerk

No. 13-50084
Summary Calendar

JOHN M. WYATT,

Petitioner - Appellant

v.

WARDEN, Federal Bureau of Prisons; DEPARTMENT OF JUSTICE,

Respondents - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CV-470

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, John M. Wyatt, federal prisoner # 04900-051, challenges under 28 U.S.C. § 2241 the 262-month sentence imposed in 2004 following his conditional guilty-plea conviction for possession, with intent to distribute, over 100 kilograms of marijuana. (He has previously filed several other petitions under § 2241.)

Wyatt contends: his petition is properly brought under § 2241, rather than 28 U.S.C. § 2255, because he challenges the execution of his sentence, rather

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

than its imposition; and the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), establish that he was actually innocent of the career-offender enhancement at sentencing because his prior conviction of simple escape no longer qualifies as a violent felony.  The district court dismissed his petition, concluding Wyatt's claims were not cognizable under 28 U.S.C. § 2241 and he had not satisfied the savings clause of 28 U.S.C. § 2255(e).

The district court's conclusions of law are reviewed *de novo*; its findings of fact, for clear error. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

Wyatt first contends the district court erred in dismissing his petition because he is challenging the execution of his sentence, which is proper under § 2241. *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). Because he challenges the validity of the sentence imposed by the sentencing court, and not the manner in which it is being administered, however, Wyatt's petition should have been filed under § 2255.  *See United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990); *cf. Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir.) (allowing prisoner to seek § 2241 relief for challenging his eligibility to participate in a prison drug program, which could result in 12-month sentence reduction), *cert. denied*, 133 S. Ct. 561 (2012).  (Wyatt's § 2255 motion was denied.  *United States v. Wyatt*, 574 F.3d 455 (7th Cir. 2009).)

Wyatt next contends he may pursue his § 2241 petition under § 2255(e)'s "savings clause" because, *inter alia*, his sentence was erroneously enhanced by a nonexistent offense.  Section 2255(e) permits petitioners, under § 2241, to challenge the validity of a sentence only if § 2255 provides an "inadequate [remedy] or [is] ineffective to test the legality of [petitioner's] detention". 28 U.S.C. § 2255(e).  Petitioner satisfies § 2255(e) by showing the claim: "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been *convicted* of a nonexistent offense"; and "was foreclosed by circuit law at the time when the claim should have been raised in the

prisoner's trial, appeal, or first § 2255 motion". *Reyes Requena*, 243 F.3d at 904 (emphasis added). A claim of actual innocence for a career-offender sentencing enhancement, however, does not establish actual innocence of the crime of conviction and, thus, does not, pursuant to the § 2255 savings clause, warrant review under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *see also Padilla*, 416 F.3d at 426-27 (holding challenge to validity of enhanced sentence did not fall under § 2255 savings clause).

AFFIRMED.