In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2338

DAVID H. SWANSON,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:08-cv-01180—**Sarah Evans Barker**, *Judge.*

ARGUED OCTOBER 24, 2011—DECIDED AUGUST 22, 2012

Before SYKES and TINDER, *Circuit Judges*, and DEGUILIO, *District Judge.*[*]

TINDER, *Circuit Judge.* David Swanson alleges in a 28 U.S.C. § 2255 petition that his trial counsel abandoned a poorly developed but winning objection at sentencing that

[*] The Honorable Jon E. DeGuilio of the United States District Court for the Northern District of Indiana, sitting by designation.

justifies a finding of ineffective assistance of counsel. But Swanson's trial counsel did not abandon the objection; rather, his appellate counsel failed to raise it on direct appeal. Swanson does not challenge his appellate counsel's effectiveness, and because trial counsel raised the objection in a sentencing memorandum (twice) and never withdrew it, we cannot conclude that his performance was objectively deficient. We affirm the denial of his petition.

## I.  Factual Background

A jury convicted Swanson of a number of fraud, tax, and money laundering offenses after a three-week trial. Swanson failed to appear for his January 2003 sentencing hearing, but was apprehended as a fugitive in Seattle the next month and sentenced in March 2003. Importantly for this appeal, his presentence report (PSR) recommended a four-level U.S.S.G. § 3B1.1(a) enhancement for his purported status as an organizer-leader of criminal activity, driving his total offense level to 34 with a 151-188 month guideline range. Swanson's trial counsel filed 13 pages of objections, including the following to the four-level § 3B1.1(a) enhancement in two separate paragraphs of the objections:[1]

> **Adjustments for Role of the Offense:** Defendant objects to any adjustment pursuant to

---

[1] It appears that the objection was made twice because the organizer-leader enhancement was applied to two separate sets of conviction counts.

> Section 3B1.1 as the evidence revealed there was no criminal organization. The evidence did not reveal any other participants in the scheme alleged by the government.

Removing the § 3B1.1(a) enhancement would have produced an offense level of 30 and a guideline range of 97-121 months. Along with his other objections, Swanson's attorneys advocated for a 46-57 month range based on adjusted offense levels of 22 for the wire fraud and receipt of stolen money convictions and 23 for the tax fraud and money laundering convictions.

A focus of Swanson's sentencing hearing was his objection to the PSR's use of the 2001 guidelines and whether the variances between that version and the 1998 edition, proposed by Swanson's trial counsel, mattered. In the midst of this discussion, this exchange took place between the district judge and the defense counsel with the Assistant U.S. Attorney (AUSA) interjecting at one point:

> **Judge**: . . . just tell me which paragraphs are different under the 1998 guidelines. Is it paragraph 50? Is it paragraph 51? Is it paragraph 52, et cetera? [The numbers refer to numbered paragraphs in the PSR.]
>
>                    \* \* \*
>
> **Judge**: Any other changes?
>
> **Defense counsel**: That's 51. Then we're looking at, would be rhetorical paragraph 54.

**Judge**: Role in the offense? There would not be a two level?

**AUSA**: I'm sorry, it's 55, Your Honor. They had four levels for aggravating role. And that's not included in the '98 guideline.

**Judge**: It's not?

**Defense counsel**: That I saw. We don't disagree with page—or rhetorical paragraph 54.

**Judge**: 3[B]1.1(a)?

**Defense counsel**: Right.

**Judge**: Do you agree there's a four level increase there?

**Defense counsel**: Yes.

**Judge**: I remember a four level increase forever. So I was right on that. So we're just talking about paragraph 51 so far?

**Defense counsel**: Right.

\* \* \*

**Defense counsel**: Judge, we think that when you recalculate under the '98 guidelines that you come to a base offense level of 22.[2]

The district judge overruled the objection to using the 2001 guidelines and announced that "unless there's

---

[2] Given this comment's context, we have no doubt that counsel was actually referring to the *adjusted* offense level as proposed in the written objections.

something in there I don't know about" the court and counsel had addressed the objections relating "to counsel's interpretation of the applicability of the guidelines." The defense counsel agreed that the court understood Swanson's position on the differences between the two versions of the guidelines. The district judge summarized the objection as Swanson's view that the 1998 guidelines should have been used and overruled the objection. The judge then touched on an unrelated objection and announced "I think that's all according to my notes. Do you know of any others that I have not covered that I need to make a specific ruling on?" Defense counsel said, "No, Your Honor." The district judge then announced that the guideline offense level was 34, and asked defense counsel whether he agreed "with that computation *without waiving any of your other legal objections?*" S.A. 159 (emphasis supplied). Counsel's response was, "Yes, Your Honor." The district judge then stated that the PSR "is a correct application of the guidelines in my judgment. The objections that have been interposed have been overruled and so I would use this formulation as my own, and it will be the basis on which the remaining sentencing decisions are made." Swanson was sentenced to 180 months' imprisonment. Swanson appealed, replacing his trial counsel with new counsel who represented him in his first appeal, at resentencing, in a second appeal, and in the § 2255 proceeding that is now before this court. (To avoid confusion, we will hereafter refer to counsel who represented Swanson through the initial sentencing as "trial counsel.")

On appeal, we agreed with the government's conces-
sion that the district court erred in using the 2001 guide-
lines and the error was not harmless because the 1998
version produced a range of 121-151 months. We ad-
dressed various other issues and remanded for re-
sentencing under the 1998 guidelines and for any recal-
culation that might be necessary in light of the then-
pending *United States v. Booker*, 543 U.S. 220 (2005) decision.
We noted that depending on *Booker*'s outcome (decided
five days later), the court may need to reconsider the
other enhancements "including the enhancement for
the sophisticated means employed during the commis-
sion of the crime (U.S.S.G. § 2B1.1(b)(8)(C)), for abuse of
a position of trust (U.S.S.G. § 3B1.3), and for extensive
criminal activity (U.S.S.G. § 3B1.1(a))." *United States v.
Swanson*, 394 F.3d 520, 526 n.1 (7th Cir. 2005) (*Swanson I*)
(citing a prior version of the guidelines).

At Swanson's second sentencing, the district judge
recognized that the *Booker* decision governed and that
the new guideline calculation of 121-151 months played
a role in calculating a new sentence. The revised PSR
retained the four-level § 3B1.1(a) enhancement and pro-
posed a total offense level of 32. Swanson's counsel ob-
jected to the § 3B1.1(a) enhancement, among others,
because he contended that the evidence did not show
that others were culpable in Swanson's crime and there-
fore he could not be an organizer. Without the four
levels added because of § 3B1.1(a), Swanson's guideline
range would have been 78-97 months. After discussing
with the AUSA the evidence of the participation of
others, the district judge denied Swanson's objec-

tion to the § 3B1.1(a) enhancement but also rejected the government's argument for a 180-month sentence and imposed a 151-month sentence. Swanson appealed again.

But unlike his first appeal, Swanson raised an objection (among others) to the § 3B1.1(a) enhancement. We refused to consider the argument because it was not raised in the first appeal, and thus, had been waived. *See United States v. Swanson*, 483 F.3d 509, 514 (7th Cir. 2007) (*Swanson II*) (stating that "any issue that could have been but was not raised on appeal is waived and thus not remanded" (quoting *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002))). We also noted that Swanson had not made the § 3B1.1(a) argument "at the first sentencing hearing," *id.* at 511, but as we explain below, this comment was both inaccurate and dictum. Although we had mentioned in *Swanson I* that the district court might need to consider § 3B1.1(a)'s application depending on *Booker*'s outcome, "that contingency did not come to pass." *Swanson II*, 483 F.3d at 515. Thus, the "district court did not have to revisit its decision to impose the aggravating role adjustment" because "any factual dispute as to its application" went beyond our remand's scope. *Id.* And "Swanson 'cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal.'" *Id.* (quoting *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996)).

Swanson filed a 28 U.S.C. § 2255 petition maintaining that there was no evidence to support a § 3B1.1(a) en-

hancement, that trial counsel "filed an unelaborated objection to this proposed finding," and that at sentencing "they withdrew the objection" in a way that failed to preserve it for review on his first appeal. Swanson blamed our refusal to review this issue in *Swanson II* on "the failure of my attorneys at the first sentencing hearing." A hearing on the § 2255 petition was held and trial counsel was deposed about the sentencing matters. The deposition was introduced into evidence in the § 2255 proceeding. In the deposition, trial counsel denied withdrawing or abandoning the § 3B1.1(a) objection. Trial counsel suggested that his comment agreeing that "there's a four level increase there" affirmed that both the 1998 and the 2001 guidelines provided a four-level enhancement for § 3B1.1(a). He also said that he assumed the court reads written objections and that "I don't normally go down in sentencing and argue every point unless the Court directs its attention to that particular point." After reviewing the transcript of the initial sentencing hearing, trial counsel said that the district judge indicated she overruled "all the objections that we previously had made to the sentencing guidelines" when she said that the PSR "is a correct application of the guidelines in my judgment. The objections that have been interposed have been overruled." Trial counsel stated that he believed the written objection spoke for itself and he did not develop it because the district judge did not direct him to. "I don't tell her how to run her court or how to run her sentencing hearings. I'm there to object, speak on behalf of my client, and present argument as required, which I did."

The district judge found in denying Swanson's § 2255 motion that at the time of sentencing, she "understood that Swanson's counsel was waiving his previously advanced written objection to the four-level enhancement under 3B1.1(a). The 3B1.1(a) enhancement was not discussed again at the original sentencing hearing; this exchange was the only mention of it." *Swanson v. United States*, No. 1:08-cv-1180, 2011 WL 2150139, *16 (S.D. Ind. May 25, 2011). But the district judge then wrote that "after reviewing the sentencing transcript, in hindsight, this court believes that Mr. Voyles intended his affirmative response to the question ("Do you believe there's a four level increase[?]"), which occurred during an admittedly fast paced colloquy, to reflect that he did not object to the **two** level enhancement provided for in paragraph 54 of the PSR pursuant to § 3B1.3." *Id.* (emphasis in original). The district judge found that trial counsel "clearly" did not "intentionally waive or forfeit" the objection to the § 3B1.1(a) enhancement, that he "vigorously and extensively advanced Swanson's interests," and that therefore his advocacy was "well within the 'wide latitude of permissible attorney conduct.'" *Id.* at *17 (quoting *Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000)). She then found that the guideline calculation improperly included the § 3B1.1(a) enhancement because the government never identified another criminally responsible person. *Id.* at *18. But the district judge also found that Swanson didn't suffer any prejudice because she was persuaded that his sentence would not have been less without the § 3B1.1(a) enhancement because it was "reasonable

and thus independently justifiable as an upward departure from the guideline's range." *Id.* at *19. We granted Swanson a certificate of appealability to consider whether trial counsel was ineffective at sentencing.

## II. Analysis

In reviewing the denial of a § 2255 motion, we look for clear error in factual findings but examine legal determinations de novo. *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009). To obtain relief, Swanson must show that his "sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (internal quotations omitted). The Sixth Amendment's right to the effective assistance of counsel provides § 2255 relief when counsel's performance "was objectively deficient—in other words, that it fell outside the wide range of competent representation—and that [the defendant] was prejudiced by the subpar representation." *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Wyatt*, 574 F.3d at 458 (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). But "an attorney's unreasonable failure to identify and bring to a court's attention an error in the court's Guidelines calculations that results in a longer sentence

may constitute ineffective assistance entitling the defendant to relief." *Jones*, 635 F.3d at 916.

Swanson claims that his trial counsel submitted woefully under-developed written objections to the § 3B1.1(a) enhancement and then withdrew a winning objection to the § 3B1.1(a) enhancement, resulting in a failure to preserve the issue for his first appeal.

We conclude that the written objections to the application of the § 3B1.1(a) enhancement were not insufficiently developed. Given that the government bore the burden of proof on this issue, *see, e.g.*, *United States v. Gracia*, 272 F.3d 866, 877 (7th Cir. 2001), we question what else the written objections should have said other than Swanson "objects to any adjustment pursuant to Section 3B1.1 as the evidence revealed there was no criminal organization. The evidence did not reveal any other participants in the scheme alleged by the government." Section 3B1.1(a) applies where a defendant is an "organizer or leader" of a "criminal activity that involved five or more participants or was otherwise extensive." Counsel for Swanson essentially argued, albeit in written form only, that because his crime involved no other criminal participants, he could not fall within this language. We have warned that arguments on appeal that are "perfunctory and undeveloped" and "unsupported by pertinent authority," are subject to waiver. *See United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003). But in the context of sentencing objections before a district judge, we have not necessarily even required trial counsel to present fully developed or even well-articulated objections to preserve them for appeal.

*See, e.g., United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011) (no waiver because although defendant "may not have fully developed nor articulately presented the exact argument below, he did raise the issue, citing to relevant authority in his sentencing memorandum and attaching pertinent documents"). The written objection (though perhaps not elaborate) was sufficient to raise an argument that the government had not shown that his criminal activity either involved "five or more participants" or was "otherwise extensive." Thus, the written objection was not outside the "wide range of professionally competent assistance." *Wyatt*, 574 F.3d at 458.

Of course, trial counsel may affirmatively waive an objection, which is what Swanson alleges his counsel did. In *Swanson II,* we noted that Swanson failed to make an argument against the application of the § 3B1.1(a) four-level enhancement "at the first sentencing hearing," 483 F.3d at 511, but we never discussed whether this particular failure to raise the § 3B1.1(a) objection *at the sentencing hearing* constituted waiver for purposes of the appeal. Thus, that comment was made in dictum; our finding of waiver in *Swanson II* rested on Swanson's failure to raise the objection on his initial direct appeal. 843 F.3d at 514-15. Now with the benefit of a more thorough record in this § 2255 proceeding, we conclude that the district court did not err in finding that trial counsel did not waive the § 3B1.1(a) objection. And while no oral argument was made by trial counsel about the organizer-leader objection at the first sen-

tencing, our comment in *Swanson II* did not accurately assess the full state of the record regarding that objection.

The record supports the district judge's finding that Swanson did not waive the § 3B1.1(a) objection. She found that although she understood, at that particular time, that trial counsel intended with this statement to be "waiving his previously advanced written objection to the four-level enhancement under 3B1.1(a)," her review of the transcript indicated otherwise. *Swanson*, 2011 WL 2150139, at *16. The district judge found that trial counsel intended his response to the question about the four-level increase to "reflect that he did not object to the two level enhancement provided for" under U.S.S.G. § 3B1.3 (abuse of a position of trust). This is consistent with the written objection in which trial counsel wrote that the "evidence could be construed to support an adjustment for the defendant abusing his position of trust . . . ." The record also supports trial counsel's reading that his comment "there's a four level increase there" merely affirmed his agreement with the district judge that the 1998 and the 2001 guidelines both provided a four-level enhancement for § 3B1.1(a). Trial counsel made this comment after the judge questioned the AUSA's inaccurate statement that the four-level enhancement was not included in the 1998 guidelines. Defense counsel agreed with the judge that "there's a four level increase there," prompting the judge to say, "I remember a four level increase forever. So I was right on that."

Ignoring the colloquy's context, Swanson advances an implausible interpretation: his trial counsel waived

his objection to the § 3B1.1(a) enhancement. The record simply doesn't support this interpretation. His attorney's subsequent statement that he believed that calculating Swanson's sentence under the 1998 guidelines produced an "offense level of 22" refutes any argument that he waived the § 3B1.1(a) objection because had he waived the objection, Swanson's proposed offense level would have been 26. There is simply no way to get the offense level as low as 22 without maintaining an objection to the organizer-leader enhancement. And at the end of the guideline computation discussion at the initial sentencing, the district judge asked the defense counsel whether he agreed "with that computation *without waiving any of your other legal objections?*" His response, "Yes, Your Honor," indicates that he wasn't waiving any of his written objections.

Given this record, we do not find a waiver of the § 3B1.1(a) objection. We construe waiver principles liberally "in favor of the defendant." *United States v. Anderson*, 604 F.3d 997, 1002 (7th Cir. 2010). Even an attorney's "statement that a defendant has no objection to the PSR does not *automatically* constitute a waiver." *United States v. Garcia*, 580 F.3d 528, 542 (7th Cir. 2009); *see also United States v. Allen*, 529 F.3d 390, 394-95 (7th Cir. 2008) (no waiver even though defendant did not restate his objection and answered "No, I don't" to the question of whether he had any objections). We have similarly declined to find waiver even though defendant's counsel "ultimately posed no objection" and "assented to it by remarking, 'Okay, . . .that's all I have.'" *United States v. Paul*, 542 F.3d 596, 599 (7th Cir. 2008). Of course, the

circumstances can prompt a different result, *United States v. Rodgers*, 610 F.3d 975, 979 (7th Cir. 2010) (waiver because defendant failed to file an objection to factual findings and when asked whether he had objections defendant's counsel said "No, we do not"); *United States v. Venturella*, 585 F.3d 1013, 1018-19 (7th Cir. 2009) (waiver when counsel withdrew objections in a revised memorandum and said that "she agreed with the figures in the PSR"), but we will find waiver when there are "sound strategic reasons" explaining why counsel would "elect to pursue" a route "as a matter of strategy." *See United States v. Jaimes-Jaimes*, 406 F.3d 845, 848 (7th Cir. 2005); *Anderson*, 604 F.3d at 1001-02 (no "rigid rule for finding waiver in acquiescence," we evaluate omissions individually, and when "the government cannot proffer any strategic justification . . . we can assume forfeiture"). Yet even Swanson recognizes that his counsel "had nothing to gain by discarding a winning argument to the enhancement," *see* Br. of Petitioner at 22-23, indicating that his trial counsel did not intentionally relinquish the objection, *see United States v. Robertson*, 662 F.3d 871, 874 n.2 (7th Cir. 2011) (without a suggestion as to a "possible strategic justification" for failure to preserve issue we assume forfeiture, not waiver).

Unlike *United States v. Valenzuela*, 150 F.3d 664, 668 (7th Cir. 1998), where counsel's failure to be "careful in making his concession to the court" justified waiver, Swanson's trial counsel made his statement regarding the § 3B1.1(a) enhancement in the context of which version of the guidelines applied. The context of this

comment controls, particularly where trial counsel affirmatively responded to the court's question that he did not waive any of his other legal objections, asserted an adjusted offense level consistent with maintaining the § 3B1.1(a) objection, and had submitted the objection in writing. The miscommunication between trial counsel and the district judge is no basis for finding waiver. Thus, the district court did not clearly err in finding no waiver despite the confusing nature of the sentencing colloquy and trial counsel's failure to explicitly and orally re-articulate the defendant's § 3B1.1(a) objection.

Forfeiture is a closer question. As explained above, trial counsel noted the objection in a written sentencing memorandum. *See United States v. Medina-Anicacio*, 325 F.3d 638, 642 (5th Cir. 2003) ("[O]nce a party raises an objection in writing, if he subsequently fails to lodge an oral on-the-record objection, the error is nevertheless preserved for appeal."). Further, the district judge, trial counsel, and the AUSA discussed the objection, albeit in a confusing manner and limited to the differences between the guideline editions. We recognize that even when asked by the judge if there was anything more that needed to be discussed with respect to his objections, trial counsel answered no. Certainly, the failure to explicitly mention his § 3B1.1(a) objection at the sentencing hearing is disconcerting, especially considering that the judge had numerous objections to address and understandably relied on counsel to inform her if she missed one. But given that trial counsel made the objection in writing, never withdrew it, continued to argue for an adjusted offense level of 22, and affirma-

tively stated he was not waiving his objections, the district court did not err in finding that there was no forfeiture of the § 3B1.1(a) objection, even if his presentation was less than ideal.

But even if Swanson had forfeited the § 3B1.1(a) argument, nothing prevented Swanson from raising the argument in his first appeal under plain error review. Swanson argues that the forfeiture was an "obvious failure of advocacy that had a substantial impact on [Swanson's] sentence," which if correct, would likely satisfy plain error review.[3] In fact, we have suggested that the standard for plain error review and ineffective-assistance-of-counsel are comparable, and in some respects, plain error review may be less demanding. *See United States v. Remsza*, 77 F.3d 1039, 1044 (7th Cir. 1996) (noting that prejudice prongs of both tests are nearly identical); *United States v. Caputo*, 978 F.2d 972, 975 (7th Cir. 1992) (stating that the plain-error doctrine is not confined to blatant errors and that if it were, it would be virtually coextensive with the doctrine of ineffective assistance of counsel); *see also Gordon v. United States*, 518 F.3d 1291, 1300 (11th Cir. 2008) (noting that "the 'deficient performance' standard of an ineffective assistance claim will not always be satisfied by the failure

---

[3] Plain error requires a defendant to show "(1) an error; (2) that is plain; (3) that affected his substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Guajardo-Martinez*, 635 F.3d 1056, 1059 (7th Cir. 2011) (quoting *United States v. Montgomery*, 390 F.3d 1013, 1017 (7th Cir. 2004)).

to object to an obvious error"); *United States v. Williams*, 358 F.3d 956, 967 (D.C. Cir. 2004) (noting analogy between prejudice standard in claims of plain error and claims of ineffective assistance). "It would be nonsensical if a petitioner, on collateral review, could subject his challenge of an unobjected-to error to a lesser burden by articulating it as a claim of ineffective assistance*." See Gordon*, 518 F.3d at 1298.

Of course there are circumstances in which trial counsel is ineffective for forfeiting an issue, but those circumstances are not present here. Trial counsel flagged the issue in writing (twice) and, as we found, certainly did not withdraw it at the sentencing hearing. Swanson's point that trial counsel should have redirected the district judge's attention to the § 3B1.1(a) objection is well-taken but hardly the office of ineffective assistance of counsel claims. *See, e.g.*, *Yu Tian Li v. United States*, 648 F.3d 524, 527-28 (7th Cir. 2011) (reflecting the wide range of competent legal strategies and to avoid hindsight review's pitfalls, we review an attorney's performance in a "highly deferential" manner and apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"); *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (measuring representation by whether the handling of a § 3B1.1(a) issue "could not be the result of professional judgment" or whether it "amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom" (quoting *Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011))); *United States v. Scanga*, 225 F.3d 780, 784

(7th Cir. 2000) (finding "no reason to disrupt the presumption that Scanga's attorney utilized his professional judgment when choosing not to object to the PSR a second time"). Swanson's failure to show that his trial counsel's representation was objectively deficient means that we do not have to address the prejudice prong.

### III. Conclusion

We AFFIRM the judgment of the district court denying Swanson's § 2255 petition.