**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 8, 2013[*]
Decided February 12, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 12-2164 & 12-2726

| | |
|---|---|
| DAVID A. NOWICKI and BARBARA C. TREMEL, | Appeals from the United States District Court for the Eastern District of Wisconsin. |
| *Plaintiffs-Appellees*, | |
| *v.* | No. 11-CV-0514 |
| ALICE E. DELAO, et al., | Lynn Adelman, |
| *Defendants-Appellants*. | *Judge*. |

**O R D E R**

David Nowicki and Barbara Tremel appeal from the dismissal of their claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1962 against several parties who they say engaged in organized crime and committed civil rights violations by bringing a housing-discrimination action against them. The defendants include the state of Wisconsin, employees of the United States Department of Housing and Urban Development, Wisconsin administrative law

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

judges and assistant attorneys general, a non-profit fair housing organization, and Tunisha Perkins, a disabled person. Because we agree with the district court that Nowicki and Tremel have failed to state a civil RICO claim and that, for various reasons, they cannot proceed under § 1983 against any of the defendants, we affirm the judgment of the district court.

According to the plaintiffs, the defendants participated in an ongoing criminal enterprise that targets landlords while benefitting lawyers and bogus housing-discrimination complainants. They explain that Nowicki was managing a rental house owned by his "significant other," Tremel, when Perkins called him in response to a for-rent sign displayed outside the house. During the conversation, Perkins informed Nowicki that she was disabled and receiving social security disability benefits, and Nowicki responded that he does not rent to people on public assistance because they are judgment proof. Perkins then contacted the Metropolitan Milwaukee Fair Housing Council, a private, nonprofit organization that investigates reports of housing discrimination, and the Council had a "tester" call Nowicki and pose as a disabled recipient of public assistance.[2] The tester reported that Nowicki again stated that he will not rent to a disabled person whose income comes from social security; judgments against such people, Nowicki explained to the tester, cannot be executed. Following this call, Perkins filed a complaint against Nowicki and Tremel with the Wisconsin Department of Workforce Development (DWD) and with HUD. (The parties do not indicate whether either action in ongoing.)

Perkins offered to settle her federal claim against Nowicki and Tremel for $40,000, they allege, and when they refused via email, Perkins replied that she would no longer settle for less than $80,000. The plaintiffs attribute this settlement offer to the Metropolitan Milwaukee Fair Housing Council, which they say provides training "on how to extort money from defendant property owners and rental managers." Also responsible, they contend, are HUD, DWD, and two ALJs from DWD: The ALJs are said to have denied their reasonable discovery requests and to have made a "veiled threat" by recommending that they hire an attorney, while DWD and HUD are accused of failing to turn over certain unspecified documents and of sending them certified mail (rather than mailing things the "proper way," which they say is regular first class). Finally, the plaintiffs contend that each defendant, particularly the assistant attorneys general, knew or should have known that Perkins could not have passed a credit check to rent Tremel's house and that her "only mission was to extort money from the plaintiffs."

---

[2] Utilizing testers to investigate housing discrimination is an accepted practice. *See Richardson v. Howard*, 712 F.2d 319, 321 (7th Cir. 1983).

The district court granted the defendants' motions to dismiss on various grounds. The court dismissed the RICO portion of Nowicki and Tremel's suit for failure to state a claim, *see* FED. R. CIV. P. 12(b)(6), and then laid out its defendant-specific reasons for dismissing their claims under 42 U.S.C. § 1983: The ALJs are shielded from liability by absolute judicial immunity; no allegations of wrongdoing were made against the assistant attorneys general; the federal actors (the HUD employees) are not subject to liability under § 1983, which applies only to state actors; and Perkins, the Fair Housing Council, and its employees are private parties that did not act under color of law. The court also noted that the State of Wisconsin enjoys sovereign immunity from suit. (Additional claims were asserted in the complaint, but the plaintiffs have abandoned them, meaning that those claims are waived. *Morales v. Jones*, 494 F.3d 590, 606 (7th Cir. 2007); *Hildebrandt v. Illinois Dep't of Natural Res.*, 347 F.3d 1014, 1025 n. 6 (7th Cir. 2003).)

Nowicki and Tremel first argue on appeal that the district court was wrong to conclude that their complaint fails to state a civil RICO claim under 18 U.S.C. § 1962(c). To be liable under § 1962(c), a person must "'(1) conduct (2) an enterprise (3) through a pattern (4) of racketeering activity.'" *Jennings v. Auto Meter Products, Inc.*, 495 F.3d 466, 472 (7th Cir. 2007) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). A "pattern" of racketeering activity consists of at least two predicate acts of racketeering (e.g., extortion, mail fraud) within ten years. 18 U.S.C. § 1961(5); *Jennings*, 495 F.3d at 472. The plaintiffs contend that they have satisfied the predicate-acts requirement by alleging (1) that Perkins' offer to settle the housing discrimination complaint constituted extortion and (2) that certain defendants committed mail fraud by sending letters containing unspecified falsehoods.

We agree with the district court that the plaintiffs have failed to state a civil RICO claim. The element they have most notably failed to satisfy is the last: racketeering activity. To begin with, there is a wide gulf between their description of Perkins' settlement offer and extortion: Nowicki and Tremel were perfectly free to reject the settlement offer and did. And even assuming that Perkins' motives were bad and her accusations of discrimination were false, civil RICO "demands more than a straightforward case of malicious prosecution . . . to open up its window to treble damages." *Gamboa v. Velez*, 457 F.3d 703, 710 (7th Cir. 2006). We understand that the plaintiffs are alleging something bigger than isolated malicious prosecution when they accuse the Fair Housing Council of training complainants to extort money from landlords, but we do not credit allegations that are merely conclusory and speculative, *Golden v. Helen Sigman & Associates, Ltd.*, 611 F.3d 356 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)), and federal pleading standards are not satisfied by complaints that raise only the "sheer possibility" of unlawful conduct, *Iqbal*, 556 at 678–79. As to the other predicate act of racketeering asserted by the plaintiffs—mail fraud—their allegations do not meet the particularity requirement established by Federal

Rule of Civil Procedure 9(b) for fraud claims, including fraud under RICO. *See Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); *Mendez Internet Management Services, Inc. v. Banco Santander de Puerto Rico*, 621 F.3d 10, 14 (1st Cir. 2010). The plaintiffs have described neither the purported fraud nor the mailings supposedly used in connection with it.

Nowicki and Tremel next challenge the dismissal of their § 1983 due process claims against the Wisconsin ALJs, but we agree with the district court that the ALJs (as well as the assistant attorneys general) are absolutely immune from claims for damages under § 1983. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 623 (7th Cir. 2002) (ALJs performing judicial functions are absolutely immune); *Lewis v. Mills*, 677 F.3d 324, 331–32 (7th Cir. 2012) (prosecutors performing prosecutorial functions, including deciding whether to bring charges, are absolutely immune). And although the plaintiffs have waived their § 1983 claims against the other defendants by not reasserting them on appeal, we note that the district court also properly disposed of those claims: § 1983 creates liability only for people acting under color of state law, *see Loubser v. Thacker*, 440 F.3d 439, 445 (7th Cir. 2006), and although the plaintiffs throw the phrase "under color of law" into many of their allegations, they cannot thereby transform Perkins, the Fair Housing Council, and the federal defendants into state actors.

Finally, the plaintiffs assert in general terms that provisions of Wisconsin's Open Housing Law, Wis. Stat. § 106.50, are unconstitutionally vague. They do not, however, develop this argument, and we need not consider any argument that is perfunctory and undeveloped. *Swanson v. United States*, 692 F.3d 708, 714–15 (7th Cir. 2012); *United States v. Hassebrock*, 663 F.3d 906, 914 (7th Cir. 2011).

AFFIRMED.