NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2013[*]
Decided February 25, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1154

| | |
|---|---|
| JOSE MENDEZ, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 09-2276 |
| TIMOTHY KREISSLER, *Defendant-Appellee.* | Michael P. McCuskey, *Judge.* |

**O R D E R**

Jose Mendez, formerly a pretrial detainee, appeals the denial of his motion for a new trial after a jury verdict in his action under 42 U.S.C. § 1983 claiming that a police officer used excessive force against him. We affirm.

Mendez claimed that Kankakee police officer Timothy Kreissler used excessive force against him during and after questioning about a firearm-offense charge. At trial the parties

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

did not dispute the basic facts. Kreissler used his squad car to transport Mendez from the detention center to the police station for questioning. On the return to the detention center, Mendez tried to escape by bolting out the car door and fleeing. Kreissler initially pursued Mendez in the car but soon pulled over and took chase on foot. Eventually Kreissler caught up to Mendez and tackled him. Mendez suffered a concussion and a two-centimeter cut on his scalp that required two staples. We do not have a full transcript of the trial, but witness lists reflect that both Kreissler and Mendez testified. According to the final pre-trial order, the parties disputed whether Kreissler struck Mendez with the car, whether Mendez surrendered voluntarily after escaping, whether Kreissler struck Mendez in the head with a gun, and whether the force was justified. The jury returned a verdict for Kreissler.

Mendez moved for a new trial under Federal Rule of Civil Procedure 59, asserting that insufficient evidence supported the verdict. The district court disagreed, characterizing the evidence as "overwhelming," and denied the motion.

On appeal Mendez challenges the district court's conclusion regarding the sufficiency of the evidence by maintaining that this conclusion is undermined by the parties' stipulation that he suffered a cut on his scalp on the day of the incident. Mendez has failed to request that a trial transcript be prepared and included as part of the appellate record, *see* FED. R. APP. P. 10(b); *RK Co. v. See*, 622 F.3d 846, 853 (7th Cir. 2010); *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 731 n.10 (7th Cir. 2003)—typically grounds for dismissal of an appeal. *See Piggie v. Cotton*, 342 F.3d 660, 663 (7th Cir. 2003). But Mendez's argument fails as a matter of logic because the mere fact that he suffered an injury does not mean that the injury resulted from excessive force. Mendez also makes a variety of vague assertions, including that defense counsel made prejudicial statements during closing argument, but these are too perfunctory and underdeveloped to warrant review. *See Swanson v. United States*, 692 F.3d 708, 714–15 (7th Cir. 2012); *United States v. Hassebrock*, 663 F.3d 906, 914 (7th Cir. 2011).

**AFFIRMED**.